The People on the relation of John Keal v. The Judge of the Wayne Circuit.

*Justice's courts: Joint parties: Appeals.* It is competent for one of several plaintiffs or defendants to carry a case heard before a justice of the peace to the circuit court on appeal, and the refusal of his co-parties to unite with him in an appeal cannot preclude him from taking it on his own behalf.

*Heard April 17. Decided April 18.*

Application for Mandamus.

*Ward & Palmer*, for relator.

*Griffin & Dickinson*, for respondent.

PER CURIAM:

The question raised by this application is, whether it is competent for one of several plaintiffs or defendants to carry a case heard before a justice of the peace to the circuit court by appeal, or whether all the plaintiffs or defendants, as the case may be, must unite in the appeal. It is urged that the language, that "any party," etc., may appeal, must be read as meaning that all the litigants, on the one side or the other, may appeal. This is too narrow. The very next section requires the "party appealing" to present to the justice an affidavit made by himself, his agent or attorney, etc., and the expression is here employed manifestly in a sense as extensive as in the first section, and it is quite obvious that it could not have been intended to require all the litigants on the side desiring to appeal to unite in the affidavit. The oath of one is plainly sufficient and has always been so considered.

The statute has always been construed in practice as authorizing an appeal by any litigant "conceiving himself aggrieved," whether others on the same side did or did not "feel aggrieved," or desired or did not desire to appeal, and

a contrary course would, or might, lead to very great injustice. The principle would have to be applied to removals by certiorari as well, and there would be room for the joining of persons as parties for the very purpose of cutting off an appeal or certiorari. However wrong the joinder, the complaining party, if ruled against by the justice, could get no redress. The refusal of the person joined with him for the precise purpose would prevent.

Some inconveniences are possible in case of appeals when all on the appealing side do not unite. But the disadvantages and mischiefs which would be likely to arise from the other construction would greatly overbalance them. The construction which has been heretofore acted on is most consistent and most safe and beneficial, and is well authorized by the terms used.

Writ granted.