## WILLIAM T. JOPP v. JULIUS KEGEL AND JOSEPH KEMP.

*Justices' courts—Appeal—Joint defendants.*

An affidavit for an appeal from a judgment against two joint defendants was made by one of them in behalf of both, who executed the required bond, with one surety, but it was not executed by his co-defendant, nor did he appear in the circuit court; and it is held that the justice's judgment, as to said defendant, remained unaffected by the appeal, and that said defendant was not entitled to enter his appearance in the circuit court, nor to a notice of trial.

Error to Wayne. (Brevoort, J.)    Argued October 24, 1890.    Decided October 31, 1890.

*Assumpsit.*    Plaintiff brings error.    Reversed.    The facts are stated in the opinion.

*Stewart & Galloway,* for appellant, contended:

1. In support of the right of the plaintiff to a judgment in form against both defendants, counsel cited *Brooks v. McIntyre,* 4

Mich. 316; *Bonesteel v. Todd,* 9 Id. 371; *Zimmer v. Davis,* 35 Id. 39; *Holcomb v. Tift,* 54 Id. 647; *Welch v. Hull,* 73 Id. 47, and cases cited.

*Edward A. Gott,* for defendant Kegel, contended:

1. Defendant Kemp, having been served with process and having joined in the appeal, was entitled to notice of trial as provided by the statute and rule; citing How. Stat. § 7017; Circuit Court Rule No. 10, as amended April 23, 1889.

2. Strict proof of regular notice of trial on an absent party should be required as a condition to going to trial; citing *People v. Bacon,* 18 Mich. 250.

CAHILL, J. This suit was commenced in justice's court. The plaintiff had judgment for $130.25. The defendant Kegel filed an affidavit and bond for appeal to the circuit court. In his affidavit for appeal, he stated that he made the same in behalf of himself and Joseph Kemp. He also alleged—

"That such judgment was not in accordance with the just rights of the said Joseph Kemp and this deponent, and that this deponent and Joseph Kemp, conceiving themselves aggrieved thereby, appeal therefrom to the circuit court of the county of Wayne."

The bond on appeal was made and signed by Kegel, as principal, and Henry Michelsen, as surety, but was not signed by Joseph Kemp, nor by any one as his surety. The defendant Kegel entered his appearance in the circuit court by Edward A. Gott, his attorney. The defendant Kemp did not enter any appearance.

The case was duly noticed for trial upon Kegel's attorney for the September term, 1890. When the case was called for trial in the circuit court, the plaintiff was allowed to put in his testimony in support of his case, and rested. The defendants offered no testimony. The counsel for defendant Kegel requested the court to direct a verdict for the defendants, on the ground that no notice of trial had been served on defendant Kemp, and

that he was not represented in court. The court charged as requested by counsel for defendant Kegel, and plaintiff's counsel excepted.

This ruling was erroneous. The defendant Kemp had not perfected his appeal. The statute requires that the party appealing shall givé a bond to the adverse party, which shall be executed by appellant with one or more sureties, or by two or more sufficient sureties without the appellant. How. Stat. § 7000. By the next section, the sureties are required to justify their responsibility on oath. As already stated, Kemp had neither joined in the appeal-bond himself nor had it been executed by two sufficient sureties on his behalf. The judgment against him in justice's court, therefore, remained unaffected by Kegel's appeal. Kemp was not entitled to enter any appearance in the circuit, nor to any notice of trial there.

The judgment is reversed, and a new trial granted.

The other Justices concurred.