## LAZARUS HARRIS v. HATTIE COHEN.

*Tenant's liability for nuisance*

The tenant, and not the landlord, is liable for nuisances originating and kept up during the tenant's exclusive occupancy, unless the landlord is shown to be responsible for repairs. So *held* where the nuisance consisted in overflowing a neighbor's cellar by means of leaky and defective supply and water pipes.

Error to Wayne. (Speed, J.) April 10.—April 18.

CASE. Plaintiff brings error. Affirmed.

*James H. Pound* for appellant. One who lets and receives rent for premises that are already affected by a nuisance or will become so from use, is liable for damages whether in or out of possession: *Durant v. Palmer* 29 N. J. L. 544; *Rogers v. Stewart* 5 Vt. 215; *Grady v. Wolsner* 46 Ala. 381; Cooley on Torts 607–12; Addison on Torts § 283; *Rosewell v. Prior* 2 Salk. 459; *Owings v. Jones* 9 Md. 108; *Brady v. Weeks* 3 Barb. 157; *House v. Metcalf* 27 Conn. 631; one who remotely furnishes means for the commission of an injury to another, is equally responsible with the immediate wrong doer: *Anderson v. Dickie* 26 How. Pr. 105; the landlord's liability for a nuisance is recognized in *Todd v. Flight* 9 C. B. (N.S.) 377; see Com. Dig. tit. Case for Nuisance; *Bush v. Steinman* 1 B. & P. 404; *Bellows v. Sackett* 15 Barb. 103; *Pickard v. Collins* 23 Barb. 444; landlord and tenant may also be sued jointly: *Irvine v. Wood* 51 N. Y. 230; *Conhocton Stone R. v. B. N. Y. & E. R. R.* id. 573; *Brown v. Cayuga & S. R. R.* 12 N. Y. 486; *Swords v. Edgar* 59 N. Y. 28; a landlord can re-enter demised premises to prevent waste and save himself from liability for a nuisance: *King v. Pedly* 1 Ad. & E. 822; *Congreve v. Smith* 18 N. Y. 79; *Congreve v. Morgan* 18 N. Y. 84; see also *Staple v. Spring* 10 Mass. 72; *Carson v. Godley* 26 Penn. St. 111; *Godley v. Hagerty* 20 Penn. St. 387; *Brady v. Weeks* 3 Barb. 157.

*Marcus A. Chase, E. H. Sellers* and *Adam E. Bloom* for appellee. Landlords who have leased their premises in good condition, and have not covenanted to repair, are not liable for damages caused by a nuisance created on the premises during the existence of the tenancy : *Bishop v. Bedford Charity* 1 Ellis & Ellis 697 ; *Cheetham v. Hampson* 4 Term 318 ; *Chauntler v. Robinson* 4 Ex. 163 ; *Regina v. Watts* 1 Salk. 357 ; *Rich v. Basterfield* 4 M. G. & S. 783 ; *Russell v. Shenton* 3 A. & E. (N. S.) 449 ; *Payne v. Rogers* 2 H. Black. 350 ; *Leslie v. Pounds* 4 Taunton 649 ; *Offerman v. Starr* 2 Penn. St. 394 ; *Dutton v. Gerrish* 9 Cush. 89 ; *Howard v. Doolittle* 3 Duer 464 ; *Bears v. Ambler* 9 Penn. St. 193 ; and the tenant is bound to keep the premises in repair : *Long v. Fitzimmons* 1 W. & S. 530 ; *Clark v. Babcock* 23 Mich. 164 ; the decision in *Bush v. Steinman* 1 B & P. 404 making the landlord liable for injuries resulting from demised premises becoming out of repair, is overruled in *Reedie v. Lond. & N. W. Ry.* 4 Exch. 244 ; it is a tenant's duty to render the demise secure even if a nuisance exists when he goes into possession : *Barnes v. Ward* 9 C. B. 420.

CAMPBELL, J. Harris sued Mrs. Cohen for a nuisance created by allowing water to escape from her adjacent lot upon his, to the detriment of his cellar, into which it ran in considerable quantities through the soil. The water was partly from a leak in the fresh-water supply pipe, which broke and needed repairs, and partly from the waste-water pipe connecting with the drain, which also leaked and overflowed upon the same premises. The bottom of the plaintiff's cellar was kept more or less covered with water, and the walls and wooden flooring were damaged. The case was not allowed to go to the jury, on the ground that the defendant was not personally in possession, and that she was not liable, as the case stood, for the neglect of her tenant. The whole mischief originated during such tenant's occupancy.

It is now claimed that the tenancy was of such a nature

as to make it her duty to make repairs on the premises, and that it might be treated as her default.

There was no obligation averred or shown, making defendant responsible to her tenant for repairs, or in any way referring to repairs. In the absence of such a duty, the responsibility must usually rest on the tenant, and such has been our holding in *Fisher v. Thirkell* 21 Mich. 1 and *Clark v. Babcock* 23 Mich. 163.

The present case does not rest on any averment or claim appearing on the record that the premises were in bad condition when leased, and we need not consider what are the qualifications arising from such a state of things. The declaration very explicitly connects all the grievances with the possession of defendant by her tenant. It contains nothing to take the case out of the ordinary rules of tenancy. We are bound to assume that this was the theory on which the case was tried. The only charge requested of the court, after the intimation of opinion on the defendant's responsibility had been given, left out of view entirely any question which might have arisen out of what is in this Court claimed to be a new leasing, and asked relief upon the ground of general liability on the part of the lessor.

Without, therefore, considering points which we think do not arise, we must affirm the judgment with costs.

The other Justices concurred.