## KUYK *v.* GREEN.

1. LANDLORD AND TENANT—TORT—BREACH OF AGREEMENT TO REPAIR.

An action in tort may not be predicated by a tenant upon a breach by the lessor of an agreement to make repairs.

2. SAME—SUBLESSEE'S RIGHTS NOT GREATER THAN LESSEE'S.

A lessor is not liable for damages suffered by a lessee on account of the defective condition of the premises when

On liability of landlord for injury to tenants from defects in premises, see notes 34 L. R. A. (N. S.) 798; 34 L. R. A. 824; 48 L. R. A. (N. S.) 917; L. R. A. 1916D, 1224; L. R. A. 1918E, 218.

On right of tenant to recover for personal injuries received through landlord's breach of contract to repair, see note in 11 L. R. A. (N. S.) 504.

the defect existed at the time of the leasing and was known to lessee, and therefore a sublessee may not recover against the lessor in like action although such defect was not made known to her by lessee, since the sublessee could have no greater rights than the lessee.

Error to Wayne; Goff (John H.), J. Submitted April 19, 1922. (Docket No. 74.) Decided July 20, 1922.

Case by Betronella Kuyk against Walter Green and another for personal injuries. Judgment for defendants on a directed verdict. Plaintiff brings error. Affirmed.

*Echlin & Lendzion,* for appellant.

*Henry G. Nicol,* for appellees.

WIEST, J. Plaintiff lived in rooms on the second floor front of a two-story apartment house owned by defendants, and her husband rented the rooms from a tenant of defendants. One day she placed a dishpan upon the ground porch as a receptacle for ice and later went on the balcony in front of her rooms, placed her hands on the outer railing and looked down to see whether the ice had been delivered. The railing gave way and she fell to the steps below and was injured, and brought this action in tort against defendants to recover damages. At the close of the proofs the trial judge directed a verdict in favor of defendants.

Mrs. Inez Austin was the tenant of defendants of the whole apartment, and she rented the front rooms to plaintiff's husband. As tenant of defendants, Mrs. Austin had the use of the balcony in front of the apartment and she used the same in common with plaintiff after plaintiff moved in, but no one else had the right to use the balcony. The balcony was a

small affair, extending between two bay windows in front of two apartments, with a dividing partition rendering each half of the same private, and with a spindle railing along its front.   When Mrs. Austin rented from defendants she claims she informed Mr. Green that the porch did not look very safe and he said he was going to build a new one, and from time to time repeated the promise.   Neither plaintiff or her husband occupied the premises under any contract with defendants but solely under verbal lease from Mrs. Austin.

Plaintiff did not and could not plant her action on contract.   Under an action in tort what remedy, if any, has plaintiff against defendants?   It is well settled that an action in tort cannot be predicated, by a tenant, upon a breach by the lessor of an agreement to make repairs.   *Willis* v. *Snyder*, 190 Iowa, 248 (180 N. W. 290).

We are not called upon to determine whether a lessor is liable for damages suffered by a lessee on account of the defective condition of the premises, when the defect existed at the time of the leasing and was known to the lessor and concealed from the lessee, for defendants' lessee, Mrs. Austin, knew of the defective condition of the balcony and plaintiff entered under her and not as a lessee of defendants.   This is not a case involving common stairways, halls and porches, in a building let out by apartments, where control thereof rests with the landlord and he has the duty of keeping the same in repair and is liable to tenants and their invitees for injuries occasioned by his failure to do so.   The evidence shows that this balcony was private in Mrs. Austin until she rented to plaintiff's husband and thereafter remained private as to all other occupants of the house.   Here was no liability on the part of defendants to their lessee, in an action of tort, for failure to repair the balcony,

and none at all under contract with plaintiff, and the learned circuit judge was right in so holding. To hold otherwise would grant plaintiff right of recovery beyond remedy coming to her through the holding of her husband's lessor.

Had Mrs. Austin met with the accident she could not have maintained an action in tort against de-fendants. Plaintiff, in entering under Mrs. Austin, could not claim any greater rights against the defendants than could her lessor. If plaintiff has any remedy it is not against defendants but against her lessor for not warning her of the danger known to her lessor and undisclosed in the letting to her husband.

The judgment is affirmed, with costs to defendants.

FELLOWS, C. J., and MCDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred with WIEST, J. CLARK, J., concurred in the result.