### HUEY v. BARTON.

1. **LANDLORD AND TENANT—BREACH OF REPAIR COVENANT—THIRD PARTIES.**

A lessor, who has no control over demised premises, is not liable to persons on the land with the consent of the lessee for personal injuries arising from a total breach of the lessor's repair covenant.

2. **SAME—EXCLUSIVE USE AND POSSESSION OF LESSEE—LESSEE'S CARPENTER.**

A landlord is not liable to carpenter who was injured when railing on back porch of store premises gave way and permitted plaintiff to fall to ground, where plaintiff was performing work on portion of premises of which defendant's lessee had the exclusive use and possession.

Appeal from St. Joseph; Jacobs (Theo T.), J. Submitted June 14, 1950. (Docket No. 4, Calendar No. 44,675.) Decided October 2, 1950. Rehearing denied December 5, 1950.

Action by Arlo Huey against Edna Barton for injuries sustained when he fell off from a porch on a

REFERENCES FOR POINTS IN HEADNOTES
[1] 32 Am Jur, Landlord and Tenant, § 723.
[2] 32 Am Jur, Landlord and Tenant, § 662.

building she owned.   Edwina Pritchard, administratrix of the estate of Edna Barton, deceased, substituted as defendant.   Judgment for plaintiff.   Defendant appeals.   Reversed.

*Howard & Howard,* for plaintiff.

*Wade & Wade (Sharpe, Stapleton, Huff & Adams,* of counsel), for defendant.

BUTZEL, J.   Arlo Huey brought an action of case against Edna Barton for personal injuries suffered when the defective railing on the back porch of defendant's building gave way.   Mrs. Barton died after the action was begun and her administratrix was substituted as party defendant.   The trial court, sitting without jury, entered a judgment for plaintiff.   Defendant appeals.   The sole and decisive question we need consider herein is whether a lessor, who retains no control over the demised premises, is liable to persons on the land with the consent of the lessee for personal injuries arising from a total breach of the lessor's repair covenant.

Mrs. Barton's agent rented the entire first floor of a 3-story building in Three Rivers, Michigan, to Opal Lintz for a ladies ready-to-wear shop.   The record shows that the lessee had exclusive use and possession of the store premises and the small back porch though the judge found otherwise.   While the terms of the lease and some other pertinent facts are disputed, for this discussion we will accept the other findings of the trial court without determining whether they are all supported by competent evidence.

The front of the store was at street level while the rear was about 8 feet above the ground.   The rear door opened onto the back porch, which had a connecting stairway leading down to the ground.   The

uprights supporting the porch extended about 30 inches above the platform, and a railing of horizontal 2 x 4's was nailed to the top of the uprights. The underside of the railing was rotted at one end and would come loose from the upright. On more than 1 occasion, Mrs. Lintz or her agents placed the loose end back on the pedestal. Under the oral lease, defendant was to repair and maintain the back porch. Defendant's agent was notified of the condition of the railing and, on 2 occasions, had stated that he would see that repairs were made, but he totally failed to do so.

Mrs. Lintz employed plaintiff, a carpenter, to construct and install some dressing booths in her shop. Plaintiff completed the task on the evening of October 26, 1945, and returned to the shop the following morning before it opened to clean up the scraps and trimmings. He took an armful of this waste material to the back porch and threw it to the ground. The railing, against which he had been leaning, gave way and he fell, suffering severe injuries.

A very large majority of American jurisdictions at one time adhered to the rule that a lessor was not liable to his lessee or other persons on the land with the consent of the lessee for personal injuries resulting from a total failure to perform a covenant to repair the leased premises. The American Law Institute adopted a contrary rule which is stated as follows in 2 Restatement, Torts, § 357:

"A lessor of land is subject to liability for bodily harm caused to his lessee and others upon the land with the consent of the lessee or his sublessee by a condition of disrepair existing before or arising after the lessee has taken possession, if

"(a) the lessor, as such, has agreed by a covenant in the lease or otherwise, to keep the land in repair, and

"(b) the disrepair creates an unreasonable risk to persons upon the land which the performance of the lessor's agreement would have prevented."

The recent trend of decisions has been toward an acceptance of the view that the landlord is liable for personal injuries under such circumstances, although a large number of States adhere to the contrary view on the grounds that an action of tort cannot be based upon nonfeasance of an ordinary contractual duty, or that the lessor does not have sufficient "control" of the demised premises to render him liable. Recovery for such injuries has been denied as not within the contemplation of the parties to the covenant or "too remote" a consequence of the breach in actions on the contract; and even those jurisdictions allowing recovery in tort do not award damages for personal injuries in actions sounding in contract. A very extensive and thorough collation of authorities may be found in 163 ALR 300, which also refers to the notes in previous volumes of ALR, rendering it unnecessary to include the pages of individual citations herein.

In Michigan we have distinctly denied recovery. In *Kuyk* v. *Green,* 219 Mich 423, plaintiff's husband rented the front rooms of an apartment from the lessee and was permitted the use of lessee's private balcony. The lessor had been informed that the porch was not safe and had promised, from time to time, to build a new one. Plaintiff was injured when the railing gave way and she fell to the steps below. She brought an action of case against the lessor, and this Court affirmed a directed verdict for defendant, saying:

"Plaintiff did not and could not plant her action on contract. Under an action in tort what remedy, if any, has plaintiff against the defendants? It is well settled that an action in tort cannot be predicat-

ed, by a tenant, upon a breach by the lessor of an agreement to make repairs.   *   *   *

"Had Mrs. Austin (the lessee) met with the accident she could not have maintained an action in tort against the defendants. Plaintiff, in entering under Mrs. Austin, could not claim any greater rights against the defendants than could her lessor. If plaintiff has any remedy it is not against defendants but against her lessor for not warning her of the danger known to her lessor and undisclosed in the letting to her husband."

And in the earlier case of *Brady* v. *Klein,* 133 Mich 422 (62 LRA 909, 103 Am St Rep 455, 2 Ann Cas 464, 14 Am Neg Rep 351), we stated the rule as follows:

"When the accident arises from a defect known by the tenant, and one which is not a nuisance, the remedy against the landlord is upon his covenant and must be brought by the tenant, as there is no privity between the landlord and a third party, nor does he owe him any duty. It is otherwise in case of a nuisance which the landlord should abate, for there the landlord owes the duty of care, and is liable for his negligence to all to whom he owes such duty. (Citations.)"

The *Kuyk Case, supra,* remains the controlling authority in this State. A lessor, who has no control over the demised premises, is not liable to persons on the land with the consent of the lessee for personal injuries arising from a total breach of the lessor's repair covenant. "Legal wrongs must spring from neglect of legal duties." *Samuelson* v. *Cleveland Iron Mining Co.,* 49 Mich 164, 176 (43 Am Rep 456). In the absence of a statutory obligation such as is found in CL 1948, § 125.471 (Stat Ann 1949 Rev § 5.2843), or the maintenance of a nuisance which the landlord had a duty to abate, the letting of the premises for the use of large crowds of the general public (*i.e.* amusement purposes), or other excep-

tional circumstances, the lessor owes no duty to such persons.

The rule adhered to by this Court has not been abrogated in *Ginsberg* v. *Wineman,* 314 Mich 1, where the landlord undertook to repair some basement steps and negligently performed the work. It is almost universally held, even where a landlord is not ordinarily liable for nonfeasance, that when he does make repairs he has the duty to exercise reasonable care in the undertaking. See the annotation in 163 ALR 300, 317, for the collection of authorities.

The judgment is reversed, with costs to defendant.

Boyles, C. J., and Reid, North, Dethmers, Carr, Bushnell, and Sharpe, JJ., concurred.