AWAD *v.* McCOLGAN.

1. NUISANCE—NEGLIGENCE.

Negligence is not necessary to nuisance.

2. SAME—NATURE.

Nuisance comprehends interference with an owner's reasonable use and enjoyment of his property by means of smoke, noise, vibration, obstruction of private easements and rights of support, interference with public rights such as free passage along streams and highways, enjoyment of public parks and places of recreation, or activities and structures prohibited as statutory nuisances, and it may be either public or private.

3. LANDLORD AND TENANT—COLLAPSE OF PORCH—INJURY TO TENANT —NUISANCE.

The fact that porch of leased premises collapsed while tenant

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 39 Am Jur, Nuisances § 24.
[3, 5] 32 Am Jur, Landlord and Tenant §§ 237, 688, 702.
Liability of landlord for personal injuries due to defective porch for use of different tenants. 25 ALR 1321, 39 ALR 304, 75 ALR 169, 97 ALR 236.
[4] 32 Am Jur, Landlord and Tenant § 714.
Rights and remedies of tenant upon landlord's breach of covenant to repair. 28 ALR 1448, 28 ALR2d 446.

was thereon does not impose liability upon the landlord on theory of nuisance.

4. SAME—BREACH OF AGREEMENT TO MAKE REPAIRS—TORTS.

An action in tort cannot be predicated by a tenant upon a breach by the lessor of an agreement to make repairs.

5. SAME — NUISANCE — REPAIRS — DILAPIDATED PORCH — INJURY TO TENANT.

Tenant's injury on leased premises when dilapidated porch collapsed after landlord had agreed to repair it did not impose liability upon landlord for tort on theory of nuisance.

Appeal from Saginaw; Dehnke (Herman), J., presiding. Submitted June 2, 1959. (Docket Nos. 6, 7, Calendar Nos. 47,424, 47,425.) Decided October 13, 1959.

Case by Stella Awad against Arthur J. McColgan, Elizabeth McColgan and others for personal injuries sustained by reason of deterioration and collapse of porch at rented premises. Similar action by Ally Awad for expenses. Cases tried together. Judgments for defendants *non obstante veredicto.* Plaintiffs appeal. Affirmed.

*Heilman & Purcell (Maurice C. Perkins,* of counsel), for plaintiffs.

*Stanton & MacKenzie,* for defendants.

SMITH, J. Defendants were the owners of a building in Saginaw, comprising a restaurant on the ground floor and living quarters on the floor above. They had leased the upper floor to Ally Awad, plaintiff herein, for some 7 years prior to the accident. At the rear of the building there was a porch, with steps leading to the ground. Mr. Awad had complained to the owners that the porch and steps, which were obviously in process of deterioration, needed repairs.

These they agreed to make, but did not. The porch later collapsed, injuring Stella Awad, his wife.[*]

The declaration charged in part as follows:

"That plaintiff was free from any negligence and/or contributory negligence in the premises, and her injuries were caused by a breach of the covenants to keep said premises in repair by said defendants and/or their negligence in allowing said premises to become so dilapidated and run down as to constitute a nuisance and a dangerous instrumentality to those having a right to use the same."

During the trial, however, after deliberations which were apparently not reported, the following was placed in the record by the trial court:

"*The Court:* Let the record show that plaintiffs' counsel has indicated that plaintiffs will abandon the contract theory and wish to go to the jury only on the nuisance theory."

The jury were subsequently instructed, in substance, that a verdict might be returned in favor of plaintiffs if they should find (a) that defendants had permitted the porch to deteriorate to such a dangerous condition that it constituted a nuisance, (b) that defendants knew, or in the exercise of reasonable care should have known, of the existence of the said condition, (c) that Stella Awad exercised reasonable care for her own safety, and (d) that the said condition was the proximate cause of the injuries sustained. A general verdict was returned in favor of plaintiffs. The court below granted a motion for judgment *non obstante veredicto,* and plaintiffs have taken an appeal.

We note in passing that exactly what plaintiffs' nuisance theory comprehended was never made clear

---

[*] Two actions were brought, one by the husband, the other by the wife, tried together before a jury. The plaintiffs and causes will occasionally be referred to in the singular for purposes of clarity.

to the trial court[1] nor has the obscurity been relieved
in proceedings before this Court.

We thus approach the theory of nuisance *ab initio*.
Nuisance is the great grab bag, the dust bin, of the
law.[2] It comprehends interference with an owner's
reasonable use and enjoyment of his property ·by
means of smoke, noise, or vibration; the obstruction
of private easements and rights of support; inter-
ference with public rights, such as free passage along
streams and highways, the enjoyment of public parks
and places of recreation, and, in addition, activities
and structures prohibited as statutory nuisances.
Negligence is not necessary to nuisance, though many
wrongs thus denominated are made so through the
defendants omitting to perform a duty, such as Mr.
Justice Cardozo's example of "The coal hole, built
under a license, [which] may involve a liability for
nuisance, if there is negligence in covering it."[3] It
may be either public or private, and there is no need
that we here enumerate the distinctions. In short,
nuisance, as was well put by Thayer,[4] "is a good word
to beg a question with. It is so comprehensive a
term, and its content is so heterogeneous, that it
scarcely does more than state a legal conclusion that

---

[1] The following appears in the opinion on motion for judgment
*non obstante veredicto:*

"I have not been successful in obtaining a clear-cut, unequivocal
statement of plaintiffs' position on this point [the relation of plain-
tiffs' nuisance theory to the housing law, CL 1948, § 125.401 *et seq.*
(Stat Ann 1958 Rev § 5.2771 *et seq.*)] notwithstanding several at-
tempts to clarify it. * * *

"Under date of May 9th, plaintiffs' counsel wrote me: 'We think
the charge will show the situation is probably limited to a nuisance,
and we are going to see if we can find a few cases on nuisance for
your consideration.' To date I have had no further clarification of
plaintiffs' position, or citation of authorities satisfactorily answering
those supplied in behalf of defendant."

[2] See Seavey's recent discussion of the law of nuisance in 65 Harv
L Rev, 984.

[3] *McFarlane* v. *City of Niagara Falls*, 247 NY 340, 343 (160 NE
391, 57 ALR 1).

[4] Public Wrong and Private Action, 27 Harv L Rev, 317, 326.

for one or another of widely varying reasons the thing stigmatized as a nuisance violates the rights of others."

Let us see, then, in what respects, if any, the defendants have violated the rights of the plaintiffs. Mrs. Awad was injured when the porch of the premises she occupied as a tenant collapsed. This does not impose liability upon the landlord. A tenant may rent tumble-down property if he wishes and if it does in fact tumble down during his occupancy, the landlord, without more, is not liable. Statutes may conceivably affect such result, particularly that act known as the housing law,* but the act was not in effect in this area, nor are we cited to any ordinance similar in scope. But we have more in this case than mere tenancy. We have a promise by the landlord to repair, and he did not. There thus may be a cause of action for breach of contract but in our jurisdiction it has been settled law for some time that, in the words of Mr. Justice WIEST, in *Kuyk* v. *Green*, 219 Mich 423, 425, "an action in tort cannot be predicated, by a tenant, upon a breach by a lessor of an agreement to make repairs." We would not be understood as speaking too broadly in an area of such unlimited expanse. We do not hold that the negligence-nuisance type of action referred to above may never be brought. In a proper case it may be, and, if so, it partakes of the essentials of a negligence action, including such defenses as that of contributory negligence. (See annotation, 57 ALR 7.) The name (negligence or nuisance) does not control the result. The point is, however, that the gravamen of the action must sound in tort and a landlord's breach of promise to repair does not so sound. *Kuyk* v. *Green, supra.*

---

* PA 1917, No 167, as amended (CL 1948, § 125.401 *et seq.* [Stat Ann 1958 Rev § 5.2771 *et seq.*]).

The authorities cited by plaintiffs as justifying recovery upon some theory of nuisance are all inapplicable to the situation before us. *Kern* v. *Myll,* 94 Mich 477, turned on whether the landlord had actual knowledge of a concealed dangerous condition, which his tenant urged he had failed to disclose. In *Harris* v. *Cohen,* 50 Mich 324, the liability of a landlord for the maintenance of a nuisance was indeed put in issue, but it was a liability with respect to the owner of adjacent land. *Fisher* v. *Thirkell,* 21 Mich 1 (4 Am Rep 422), involved an action by a member of the general public against both tenants and owners to recover damages received by her by falling into a "hole in the sidewalk on Woodward avenue, Detroit." None of these cases involved an action by a tenant against his landlord arising out of a promise to repair. We are not persuaded that *Kuyk* v. *Green, supra,* is in error. See, also, *Huey* v. *Barton,* 328 Mich 584.

Affirmed. Costs to appellees.

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.