COHRAN v. MONROE RANDOLPH PARKING, INC.

1. HIGHWAYS AND STREETS—SIDEWALKS—DUTY TO CLEAR ICE AND SNOW.

Real property owner owes no duty to pedestrians to keep city sidewalks abutting his premises free from ice and snow coming thereon from natural causes or from acts of others.

2. SAME—SNOW AND ICE ON SIDEWALK—EVIDENCE—NUISANCE.

Evidence presented in record of action by pedestrian against owner of property abutting city sidewalk *held*, not to show defendant created and maintained a nuisance when evidence showed that ice on sidewalk was caused by natural accumulation and from water and slush splashed thereon by passing vehicles, and not by any water discharged or draining from defendant's building.

3. NUISANCE—SNOW AND ICE ON SIDEWALK—TORTS.

Action for injuries caused by maintaining nuisance sounds in tort when nuisance alleged is accumulation of snow and ice on sidewalk, and tort action fails when no duty is owed by defendant to plaintiff.

Appeal from Wayne; Elliott (Philip), J., presiding. Submitted Division 1 April 5, 1966, at Detroit. (Docket Nos. 323, 324.) Decided July 12, 1966. Leave to appeal denied by Supreme Court November 14, 1966. See 378 Mich 739.

Declaration by Arizona Cohran against Monroe Randolph Parking, Inc., a Michigan corporation, for

REFERENCES FOR POINTS IN HEADNOTES

[1] 25 Am Jur, Highways § 66.
Statute or ordinance requiring abutting owner or occupant to remove snow and ice from sidewalk as affecting liability for injuries. 82 ALR2d 998.
[2, 3] 25 Am Jur, Highways § 515 *et seq.*

injuries sustained in fall on icy sidewalk in front of defendant's building, at place where defendant's driveway crossed sidewalk. Declaration by Albert Cohran, husband of Arizona Cohran, for derivative damages. Cases consolidated for trial. Directed verdict of no cause of action at close of plaintiffs' proofs. Plaintiffs appealed, and cases consolidated on appeal. Affirmed.

*Albert Lopatin (Norman L. Zemke, of counsel), for plaintiffs.*

*Alexander, Buchanan & Conklin (John A. Kruse, of counsel), for defendant.*

QUINN, J. These two cases were consolidated for trial and appeal. Plaintiff Arizona Cohran claimed damages for personal injuries sustained in a fall on an icy driveway leading from the street to defendant's premises. Her husband, Albert Cohran, claimed damages for medical expenses and loss of consortium. The pleaded basis for liability was nuisance, but the gist of the action was negligence. At the close of plaintiffs' proofs, the trial court directed a verdict of no cause for action for the reason no actionable negligence of defendant had been shown. Plaintiffs appeal.

This Court accepts the statement of question involved as propounded by defendant as an accurate statement of the issue presented for decision. It is stated as follows:

"Is an adjoining property owner liable for injuries sustained by a pedestrian who falls due to the icy condition of the public sidewalk, at a point where the property owner's driveway crosses said public sidewalk, even if said sidewalk is constructed properly, according to city standards, contains no de-

fects, and that the ice is present on said sidewalk by virtue of either a natural accumulation or from water splashed up from the street by passing cars?"

When Arizona Cohran went to work February 14, 1959, the weather was bad and icy conditions prevailed. The weather was still bad and the ice remained when she left work that day. On her route home, Arizona and a Mrs. McCue walked through defendant's parking facility to reach Monroe street from Bates street in Detroit. As they left defendant's building to cross Bates street, Mrs. Cohran started down the driveway, slipped, fell, and was injured. The driveway was used as an exit from defendant's premises. The sidewalk and driveway sloped toward the street and were constructed according to city standards. They were inspected and approved by the city and were not defective. The icy condition of the walk and driveway was caused by natural accumulation and from water and slush splashed thereon by passing vehicles, not from any water discharged or draining from defendant's building. An employee of defendant sat in a booth near the driveway and could have seen the driveway if he had looked. The manager of defendant's parking facility testified that he could not remember the weather conditions on the day in question, but he did testify that heavy accumulations of snow were removed from the driveway and when slippery, it was salted. There was no salt or other abrasive substance on the driveway at the time Mrs. Cohran fell.

While plaintiffs concede that a property owner owes no duty to pedestrians to keep sidewalks free from ice and snow coming thereon from natural causes or from acts of others (see *Grooms v. Union Guardian Trust Co.* [1944], 309 Mich 437), they contend that these cases present a question of fact for

jury determination on whether or not defendant was responsible for creating and maintaining a nuisance which caused Mrs. Cohran to fall. There are two serious obstacles to this contention; first, there is nothing in this record to connect defendant with the condition of the sidewalk and driveway that caused the fall, and, secondly, the gravamen of the action is tort (*Awad* v. *McColgan* [1959], 357 Mich 386) and tort involves a duty which plaintiffs concede was not owed to them by defendant. The case of *Abar* v. *Ramsey Motor Service* (1935), 195 Minn 597 (263 NW 917), and the recent case of *Levendoski* v. *Geisenhaver* (1965), 375 Mich 225, are further authority that defendant owed plaintiffs no duty under the circumstances here presented.

Affirmed, with costs to appellee.

J. H. GILLIS, P. J., and FITZGERALD, J., concurred.