MOBIL OIL CORPORATION v THORN

Opinion of the Court

1. Pleading—Words and Phrases—Counterclaims.

A claim brought against an opposing party is properly labeled a counterclaim (GCR 1963, 203.2).

2. Judgment—Summary Judgment—Failure to State Claim— Well-Pleaded Facts—Tests—Unenforceable Claims—Matter of Law—Factual Developments.

A motion for summary judgment granted on the basis that the nonmoving party has failed to state a claim upon which relief can be granted is to be tested only by the pleadings and in examining those pleadings a court must accept as true the well-pleaded facts contained therein; the test which the court should apply in considering such a motion is whether the claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery.

3. Landlord and Tenant—Torts—Breach of Covenants—Covenant to Repair—Summary Judgment—Failure to State Claim.

A tort action by a tenant cannot be based upon a landlord's breach of a covenant to make repairs, and where a party's claim is so based, it is clearly unenforceable and an order granting summary judgment on the basis that the claimant has failed to state a claim upon which relief can be granted is proper.

Concurrence by M. J. Kelly, J.

4. Landlord and Tenant—Torts—Case Precedent—Breach of Covenant—Covenant to Repair—Modern Trends.

*Case precedent holds that an action in tort by a tenant cannot be*

References for Points in Headnotes
[1] 20 Am Jur 2d, Counterclaim, Recoupment, and Setoff § 3.
[2] 73 Am Jur 2d, Summary Judgment § 15.
[3] 50 Am Jur 2d, Landlord and Tenant §§ 1240–1242.
[4] 49 Am Jur 2d, Landlord and Tenant § 774.

*based upon a breach by the landlord of a covenant to make repairs, and the Court of Appeals as an intermediate court is bound to follow existing precedent; but the modern trend is toward holding that a lessor's breach of his agreement to repair constitutes ground for holding him liable for personal injury to his tenant, or one in privity with the latter, if the failure to repair was a contributing cause of the injury.*

Appeal from Genesee, Harry B. McAra, J. Submitted January 7, 1976, at Lansing. (Docket No. 23070.) Decided March 9, 1976. Leave to appeal applied for.

Complaint by Mobil Oil Corporation against Dallas Thorn for collection of monies due upon an open account and for termination of a lease agreement. Defendant counterclaimed for damages for personal injuries and for breach of contract. Summary judgment was granted to plaintiff as to two counts of the counterclaim. Defendant appeals. Affirmed.

*Gault, Davison, Bowers & Hill,* for plaintiff.

*Walter L. Leach,* for defendant.

Before: DANHOF, P. J., and V. J. BRENNAN and M. J. KELLY, JJ.

DANHOF, P. J. On December 23, 1974, the plaintiff and cross-defendant (hereinafter referred to as the plaintiff), Mobil Oil Corporation, filed a motion for summary judgment pursuant to GCR 1963, 117.2(1) for the reason that the defendant and cross-plaintiff (hereinafter referred to as the defendant), Dallas Thorn, had failed to state a cause of action in counts I and II of his cross-complaint. On January 27, 1975, the trial court granted the motion, thereby dismissing counts I and II. The defendant now appeals from the trial court's order granting the motion for summary judgment.

For purposes of this appeal, the parties have agreed to a stipulation of facts. Those stipulated facts are indicated in pertinent part as follows.

The plaintiff filed suit "to collect upon an open account the monies it asserted to be due for petroleum products it sold to Dallas Thorn" and, further, to terminate a lease agreement it had with the defendant. The defendant filed a cross-complaint alleging several counts for damages, including for personal injuries sustained by him.

Counts I and II of the cross-complaint concern a lease agreement for a Mobil station entered into by the parties on October 15, 1970. In the lease, the plaintiff, as the landlord, agreed to make repairs to the roof of the station and keep it in good operating condition. The roof began to leak and cause an extremely slippery condition to exist on the leased premises. The defendant, as the tenant, notified the plaintiff to repair the roof pursuant to the notice provisions of the lease, but the plaintiff failed and refused to do so. As a result of such leaks and failure to repair, which in turn caused the slippery condition to exist, the defendant fell and injured his back on June 13, 1971. The lease was in effect on said date.

The defendant sought recovery for "the damages sustained by him on account of his injury" and alleged "that such were the result of the breach of contract and of the 'negligent and careless acts' of Mobil Oil Corporation".

The issue on appeal is whether the trial court correctly granted the plaintiff's motion for summary judgment.

It should first be noted that when a claim is brought against an opposing party it is properly labelled a counterclaim and not a "cross-com-

plaint" as the defendant has chosen to label it.
GCR 1963, 203.2.

*Sanders v Clark Oil Refining Corp,* 57 Mich App
687, 689; 226 NW2d 695 (1975), states the applicable standard of review for a motion granted under
GCR 1963, 117.2(1):

"A motion for summary judgment granted under
GCR 1963, 117.2(1) on the basis that the opposing party
has failed to state a claim is to be tested only by the
pleadings. *Todd v Biglow,* 51 Mich App 346, 349; 214
NW2d 733, 734 (1974). In examining those pleadings, a
court must accept as true the well-pleaded facts contained therein. *Weckler v Berrien Co Rd Comm,* 55
Mich App 7, 9; 222 NW2d 9, 10 (1974). *Crowther v Ross
Chemical Co,* 42 Mich App 426, 431; 202 NW2d 577, 580
(1972), stated that:
   " 'The test which the court should apply in considering motions under GCR 1963, 117.2(1) is whether plaintiff's claim, on the pleadings, is so clearly unenforceable
as a matter of law that no factual development can
possibly justify a right to recovery.' "

It is also the rule that an action in tort by a
tenant cannot be based upon a breach by the
landlord of a covenant to make repairs. *Kuyk v
Green,* 219 Mich 423, 425; 189 NW 25 (1922), and
*Awad v McColgan,* 357 Mich 386, 390; 98 NW2d
571 (1959).

In the present case, the plaintiff brought a motion for summary judgment under GCR 1963,
117.2(1). Accordingly, the facts pled by the defendant will be accepted as true. A review of those
facts indicates that the defendant based his counterclaim of negligence against the plaintiff upon
the lease agreement. The defendant has alleged
the cause of his injuries was the negligence of the
plaintiff in failing to repair the roof as agreed to in
the lease. The plaintiff has even stipulated that

this allegation is true for purposes of this appeal. However, it is apparent that the defendant's claim is clearly unenforceable as a matter of law because the rule as set forth in *Kuyk v Green, supra,* denies the tenant relief where his action in tort is based upon a breach of the lease agreement. Therefore, the trial court correctly granted the plaintiff's motion for summary judgment pursuant to GCR 1963, 117.2(1) because the defendant "has failed to state a claim upon which relief can be granted".

Affirmed. Costs to the plaintiff.

V. J. BRENNAN, J., concurred.

M. J. KELLY, J. *(concurring).* I concur because there is no doubt that the majority has well and correctly stated the law. I add these words however because it seems to me that the reasoning behind this immunity rule is highly questionable. The annotation at 78 ALR2d 1238 covers the subject in depth. The count therein for the view that the landlord is not liable for failure to repair is 27 states for and 17 against. However the later case service adds nine states endorsing the view that the landlord may be liable. The author observes:

"The modern trend is toward holding that a lessor's breach of his agreement to repair constitutes ground for holding him liable for personal injury to his tenant, or one in privity with the latter, if the failure to repair was a contributing cause of the injury." 78 ALR2d 1238, 1252.

In the case at bar we have a stipulated factual situation lending itself readily available as a vehicle for adoption of the rule of the restatement if the Supreme Court should so desire:

"A lessor of land is subject to liability for physical harm caused to his lessee and others upon the land with the consent of the lessee or his sublessee by a condition of disrepair existing before or arising after the lessee has taken possession if;

"(a) the lessor, as such, has contracted by a covenant in the lease or otherwise to keep the land in repair, and

"(b) the disrepair creates an unreasonable risk to persons upon the land which the performance of the lessor's agreement would have prevented, and

"(c) the lessor fails to exercise reasonable care to perform his contract." 2 Restatement Torts, 2d, § 357, p 241.

This intermediate appellate Court must follow the existing precedent.