BARNARD *v.* McLEOD.

1. BUILDING CONTRACTS—WHEN SEPARABLE.
   A contract for the erection of a specified number of houses on lots to be designated by the owner, to be completed at a specified time, for a fixed price for each house, is a separable contract.

2. SAME—TIME OF PERFORMANCE—WAIVER.
   Where an owner who had contracted for the erection of several houses, to be completed by October 1st, agreed September 17th to a modification of the contract under circumstances indicating that he contemplated that the buildings might not be completed until the following spring, and acquiesced in the continuation of work until late in December, he waived the right to insist that time was of the essence of the contract.

3. SAME—MECHANIC'S LIEN LAW—RIGHT OF ACTION.
   The provision of the mechanic's lien law (Act No. 179, Pub Acts 1891, § 4), that the contractor shall have no right of action or lien against the owner on account of his contract until he shall have furnished the statutory statement as to the amounts due to subcontractors, laborers, and material men, extends to actions upon the contract, where no lien has been effected, as well as to those brought to enforce a lien.

4. SAME—TITLE OF ACT—CONSTITUTIONALITY.
   Such a construction is not objectionable under section 20, art. 4, of the Constitution, requiring the object of a law to be expressed in its title.

5. SAME—CHARACTER OF SUIT.
   An action by the assignee of one who had contracted to erect several houses, to recover for one house built and accepted under the contract, and for work and material done and furnished for the others up to the time the owner prevented further performance of the contract, is an action upon the contract, within the scope of the lien law.

Error to Wayne; Lillibridge, J.   Submitted June 18, 1897.   Decided July 16, 1897.

*Assumpsit* by Mary E. Barnard, assignee of John Patterson, against Duncan McLeod, upon a building contract. From a judgment for plaintiff, defendant brings error. Reversed.

The constitutional question referred to in the opinion is indicated by the following quotation from plaintiff's brief:

"The construction contended for by defendant cannot be sustained, for the reason that the provision so construed would not be within the title of the act in question. It would be unconstitutional to attempt to make an affidavit a prerequisite to all actions in a statute entitled 'An act to establish, protect, and enforce by lien the rights of mechanics,' etc." Const. art. 4, § 20.

*Flowers, May & Moloney*, for appellant.

*Corliss, Andrus & Leete*, for appellee.

HOOKER, J. By a contract in writing, it was agreed that John Patterson, plaintiff's assignor, should furnish materials and erect for the defendant five houses, described, upon lots to be designated by the defendant, the same to be completed by October 1, 1895, the price of each being fixed. On September 17, 1895, this contract was modified by reducing the number of houses to three, to be built that fall. This action is brought to recover for the work and material furnished, it being claimed on behalf of the plaintiff that the defendant wrongfully prevented the full performance of the contract.

We think the court correctly held that the contract was separable, and that time was not of the essence of the contract, in the light of the conduct of the parties, as shown by the undisputed testimony. It is said that this contract, made on September 17th, limited the time within which these three houses were to be erected to a period of 13 days; yet the defendant acquiesced in the continuation of work long after that, and late in December is said to have given notice to Patterson that he was required to complete house No. 3. The testimony of

the defendant shows that, when the second contract was made, he contemplated that the buildings might not be completed until spring. We think it very clear that the defendant waived a right to insist on the construction contended for, if he ever had such a right, and the court did not err in leaving to the jury the question of the seasonable completion and acceptance of one house. The charge made plaintiff's right to recover for work and materials upon the other buildings depend upon Patterson's being wrongfully prevented from performing his contract, which was as favorable instruction as the defendant was entitled to.

We have had great difficulty in examining the points raised by the appellant, by reason of a failure to comply with the provisions of Supreme Court Rule 36. Neither by index nor by other reference are we referred to all of the exceptions and specific errors complained of in the record, and we have not felt called upon to read the record until we could find them in each instance.

Counsel for the defendant assert that the plaintiff was not entitled to recover, for the reason that Patterson has never served upon the defendant a statement, under oath, of the names of the subcontractors and laborers in his employ, with the respective amounts, if anything, due for labor or materials for said buildings, as required by the mechanic's lien law. Act No. 179, Pub. Acts 1891, § 4. This act attempts to authorize the owners of premises to withhold payment upon building contracts until they can make such payment safely, and it expressly suspends a right to collect by action or lien until the statutory statement is made. We held in the case of *Martin* v. *Warren*, 109 Mich. 584, that, before a lien could be enforced, this statement must be furnished, and that the owner could not be compelled to submit to the alternative of determining whether a lien existed or might yet be filed, or being subjected to costs. We see no reason for holding that this rule does not apply to an action upon the contract, when the contractor has not effected a lien, as well as to cases

brought to enforce a lien. It is within the letter of the act, and to hold otherwise would place a penalty on solvency, and subject a man who promptly pays his debts to dangers that one who is impecunious is practically exempt from. In the case before us it was claimed that a lien was effected, and, although the evidence offered by the defendant was excluded, it may be that the defendant would not have been safe in making payment. At all events, the act forbids recovery until the statement is furnished. The defendant cannot be compelled to take the chances of litigating the question whether or not he may safely pay, but may insist upon absolute protection through the contractor's sworn statement.

We do not intend to be understood as saying that the service of such sworn statement is necessarily jurisdictional, and that neglect to serve is fatal in all cases, or that it cannot be waived. Possibly it should not be allowed to stand in the way of recovery where the absence of other liens and the opportunity to effect them are conceded or obvious. This provision is a shield, and, while it should be given full effect for that purpose, its mission may be held to end with the possibility of such use, should such case arise. And it is not a sufficient answer to say that this is an action for a breach of the contract, for it is not, in any such sense as would justify the disregard of the statute. It is not a case where the contractor was prevented from doing any work under the contract. His assignee has been allowed to recover upon the theory that one house was built, and accepted under the contract. As to the others, she has been allowed to disregard the express contract, and set up an implied one, and to recover upon a promise (implied, it is true) that the contractor should be paid for certain work and materials done and furnished by him at the defendant's request. The lien law applies to such contracts. It is not impossible that no lien exists, but we cannot deny the defendant the protection that the law gives him on that account,

nor can we relieve the plaintiff from her assignor's failure
to know and follow the law.

We think there is no merit in the constitutional question
raised.

We are constrained to reverse the judgment. A new
trial is ordered.

The other Justices concurred.