COPEMAN v. TAKKEN.

1. VENDOR AND PURCHASER—ASSIGNMENTS—PRIVITY OF CONTRACT—LIABILITY TO PERFORM.

Where assignees of vendee's interest entered into contract with purchasers of vendor's interest in land contract, making permanent amendment thereto, privity between them was established thereby, and each became bound to other to perform.

2. APPEAL AND ERROR—ONE DEFENDANT MAY APPEAL.

One defendant may appeal for his own benefit without others joining.

3. JUSTICES OF PEACE—APPEAL BOND NECESSARY.

Proper bond is essential to appeal from justice's court (3 Comp. Laws 1929, § 16225).

4. SAME—APPEAL AND ERROR—PARTY NEITHER APPELLANT NOR APPELLEE NOT PARTY ON APPEAL.

Where, in action in common pleas court against husband and wife, judgment was rendered against him and in favor of wife, from which judgment he alone appealed, and wife was not named as appellee in appeal bond, which ran to plaintiffs only, she was not party in circuit court, and therefore judgment against her was unauthorized (3 Comp. Laws 1929, § 16225).

Appeal from Wayne; Boomhower (Xenophon A.), J., presiding. Submitted January 10, 1933. (Docket No. 79, Calendar No. 36,862.) Decided April 4, 1933.

Assumpsit in common pleas court of Detroit by Eber N. Copeman and another against Joseph E. and Germaine Takken on a written contract. Judgment for plaintiffs against defendant Joseph E. Takken only. Defendant Joseph E. Takken appealed to circuit court. Judgment for plaintiffs

against both defendants. Defendants appeal. Affirmed as to defendant Joseph E. Takken and reversed as to Germaine Takken.

*Pheney & Pheney,* for plaintiffs.

*Anderson, Wilcox, Lacy & Lawson (Earl L. Shimer,* of counsel), for defendants.

Fead, J. In 1925 Lars Andersen and wife sold premises to Frank Kloka and wife on land contract. Plaintiffs acquired the vendor's interest. In 1927 Kloka became in default and plaintiffs commenced summary proceedings for possession. While the proceedings were pending, defendants purchased the Kloka interest and took an assignment. The assignment was not produced, and we do not know its terms. Defendants paid plaintiffs the sum due to date, the summary proceedings were dismissed, and defendants were put into possession by Kloka. They made the contract payments for about four years, when, after some discussion about defendants making substantial payments in excess of the sums required, the parties executed a written instrument as follows:

"This contract made this 6th day of January, 1931, is for the purpose of amending a certain land contract, now held between both parties hereto by assignment.

"Eber N. Copeman and Nellie E. Copeman, his wife, hereinafter known as parties of the first part, are assignees of the original sellers' (Lars Andersen and Christine, his wife) interests, and Joseph E. Takken and Germaine Takken, his wife, hereinafter known as parties of the second part, are assignees of the original purchasers' (Frank Kloka and Anna Kloka, his wife) interests, in a certain land contract dated September 17, 1925, which provides for the sale of lot (description of property).

"In consideration of the parties of the second part, making various payments in excess of the required minimum monthly payment of $158 on the attached land contract; the parties of the first part agree to lower the specified minimum monthly payment of $158 whenever the parties of the second part desire, provided that at no time shall the equal minimum monthly payments including interest be lowered below an amount which if continued would operate so as to extend the date the final payment would fall due under the original attached contract which is mutually agreed to be the 17th day of April, 1937."

Defendants made some payments thereafter, but no excess payments. They became in default, plaintiffs brought this action at law to recover payments due, and had judgment.

Defendants deny liability at law on the ground that there is no privity of contract between them and plaintiffs. *Tapert* v. *Schultz,* 252 Mich. 39. Plaintiffs claim privity of contract was established by the agreement of January 6th, although it does not expressly provide that defendants agree to pay the purchase price.

Recourse need not be had to extraneous circumstances, because the agreement is clear. As between the parties, it establishes not only that they own respectively the original contract interests in the land, but also that the contract itself is held by them alone. They agree that their ownership of both land and contract is so exclusive and complete that they may change the terms of purchase without reference to the original parties. The agreement secures to defendants a privilege not granted by the original contract and coextensive with its life, whether used or not. In securing this privilege, defendants stepped out of the character of mere as-

signees of Kloka, obtaining personal grace from plaintiffs, and assumed the role of parties to the original contract because the privilege was agreed by way of permanent amendment to the contract itself. In other words, the parties contracted with each other that they were the present parties vendors and vendees in the original contract, and agreed, as such, to permanent amendment of it. Privity between them was established thereby, and each became bound to the other to perform the contract.

The suit was brought originally in the court of common pleas, where judgment was rendered for plaintiffs against Joseph E. Takken, but against plaintiffs and in favor of Mrs. Takken of no cause of action. Plaintiffs did not appeal, nor did Mrs. Takken. In his notice of appeal, Takken recited the whole judgment. Plaintiffs contend the recital operated as an appeal from the entire judgment, and made Mrs. Takken a party in circuit court. Plaintiffs recovered against both defendants.

One defendant may appeal for his own benefit without others joining. *People, ex rel. Keal,* v. *Wayne Circuit Judge,* 36 Mich. 331. A proper bond is an essential to appeal from justice's court. The appeal bond was executed only by Takken and his surety and in the interests of Takken alone. So Mrs. Takken was not an appellant. *Jopp* v. *Kegel,* 83 Mich. 50. The bond ran to plaintiffs only. So Mrs. Takken was not an appellee. 3 Comp. Laws 1929, § 16225.

Judgment against Takken will be affirmed, with costs, and against Mrs. Takken will be reversed, with costs.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.