RAY v. KNOWLES.

1. APPEAL AND ERROR—VERDICT—ASSAULT AND BATTERY.
    Defectiveness of verdict in civil action against two defendants charged with joint and several assaults. is not reviewed as one held liable may not complain of jury's failure to return verdict as to other who is not complaining.

2. SAME—PREJUDICIAL REMARKS AS TO OTHER ASSAULTS.
    Remark that subject of other assaults by defendant could be pursued further but that plaintiff's counsel would take ruling of court, made after court had sustained several objections on same subject and instructed jury to disregard it, *held*, prejudicial error.

3. ASSAULT AND BATTERY—SEVERAL LIABILITY OF DEFENDANTS.
    Injuries inflicted by one defendant before other defendant came
        on the scene could not be charged to latter in action for
        assault and battery.

4. SAME—CONSERVATION OFFICERS.
    Verdict against one of two conservation officers for assault and
        battery *held*, against the great weight of the evidence where
        it shows injuries were inflicted largely by other defendant
        while arresting plaintiff for violation of the fish laws.

5. SAME—JUSTIFICATION—QUESTION OF FACT.
    Question of fact for jury was presented in assault and battery
        case in determination of whether conservation officer was justi-
        fied in striking plaintiff who was attempting to escape appre-
        hension for violation of fish laws.

Appeal from Manistee; Cutler (Hal L.), J. Sub-
mitted April 5, 1934. (Docket No. 45, Calendar
No. 37,477.) Decided June 4, 1934.

Case by Earl Ray against Frank and Walter
Knowles for alleged assault and battery. From ver-
dict and judgment for plaintiff against Frank
Knowles, he appeals. Reversed, and new trial
granted.

*F. E. Wetmore,* for plaintiff.

*Matthews & Williams,* for defendant Frank
Knowles.

WIEST, J. This action was brought against de-
fendants to recover damages for alleged assault and
battery. The jury found a verdict of $1,500 against
one defendant and, when asked by the court,
"Against Frank Knowles? Just the one verdict?"
answered: "That is all." Thereupon the court
entered judgment on the verdict against defendant
Frank Knowles and, on motion of plaintiff's attor-

ney, dismissed the suit, with costs, as to defendant Walter Knowles.

Defendants were conservation officers and discovered plaintiff illegally spearing fish in a river. Plaintiff sought to escape and was pursued and overtaken by Walter Knowles and held until Frank Knowles arrived, and was then taken into custody and to the county jail.

Plaintiff claimed that Walter Knowles, while pursuing him, struck him on the back of the head and finally threw him to the ground and sat upon him for about five minutes, until Frank Knowles arrived and then Frank struck him on the back of the head. Walter admitted striking plaintiff several times on the back of the head with the butt end of a revolver, in order to overcome his resistance to arrest, and Frank Knowles denied striking him at all.

At the trial defendants contended that plaintiff's proofs showed separate assaults, and asked that plaintiff be required to elect which assailant he would proceed against. The court refused to require an election and, at the close of the proofs, sent issues to the jury involving joint and several assaults and permitted joint or several verdicts, with instruction as to damages thereunder. Defendant Frank Knowles, upon appeal, contends that there was no valid verdict and the court had no right to supplement the verdict by judgment of dismissal against Walter Knowles.

We find no occasion to determine whether the verdict was defective in not making any return as to Walter Knowles. Walter is not complaining, and Frank may not make it his grievance.

Plaintiff and two others were spearing suckers, steelhead trout and pickerel, by aid of a jack-light, when he discovered what he believed to be game wardens approaching, and knowing it was illegal to

spear fish, tried to escape apprehension by flight. Plaintiff took off his boots to aid in his flight, claims that as he was running away Walter Knowles pursued and struck him, that he fell, got up and ran again, was struck again, fell, got up and ran, was struck the third time on the back of the head and fell and lay with Walter sitting on him until Frank came up and struck him, and then he was unconscious until he came to in the county jail.

Walter admitted striking plaintiff on the back of the head with his revolver, and claims he did so to overcome the resistance plaintiff was making by way of an assault upon him.

We find it necessary to consider but three grounds alleged for reversal. Upon cross-examination of Frank Knowles, the following occurred:

"*Q.* Mr. Knowles, it is a fact, is it not, that you make a practice of beating up fellows?

"*Mr. Matthews:* I object to that.

"*Mr. Wetmore:* I will take that up as a question of law and submit authorities. We are asking this question in good faith, and I expect to follow it up.

\*   \*   \*

"*The Court:* I will sustain the objection. Proceed.

"*Q.* It is true that you were sued and found guilty of beating up a man by the name of Earl Davis, were you not?

"*Mr. Matthews:* I object to that and ask for a mistrial at this time.

"*The Court:* I sustain the objection, and instruct you not to consider it for any purpose, gentlemen of the jury.

"*Mr. Wetmore:* I could pursue this further, but I will take the ruling of the court as it is."

The remark by counsel, after the court had sustained the objection and instructed the jury to pay no attention thereto, was prejudicial and well cal-

culated to impress upon the jury the thought that counsel could pursue the subject further with benefit but for interference by the court.

Injuries inflicted by Walter Knowles could not be charged to Frank Knowles. All the evidence showed injuries were inflicted by Walter before Frank came on the scene. The verdict in this case indicates that Frank was cast in damages, in great part at least, for injuries inflicted by Walter.

The verdict was also against the great weight of the evidence. Plaintiff was apprehended along about three o'clock in the morning and taken to a doctor's office at Ludington about four o'clock in the morning. The doctor found six or seven small scalp wounds, varying in length from a half inch to an inch, and caused, evidently, by something heavy and blunt and not by a man's fist. The doctor testified that plaintiff, at that time, was not in bad physical condition, was able to sit up in a chair while he did the dressing, was not bleeding profusely, the cuts did not require any sutures or stitches, nor were they gaping wounds, and were just covered up with a surgical dressing; that he talked with plaintiff and plaintiff fully cooperated with him while he was doing the work, and there was no sign of any unresponsive condition at all, and he walked out of the office with the officer and seemed perfectly able to walk and function in that way. Yet plaintiff testified that, from the time Frank hit him he remembered nothing for he was unconscious until he was in the jail and his head was being examined, and the next he remembered after that was in a hospital in Ludington.

Plaintiff also testified:

"I don't remember talking to Dr. Gray. I don't remember having adhesive tape stuck on my head.

I don't remember going down to the justice court; I don't remember talking to people in the justice court; I don't remember anything at all about that.''

Complaint was made against plaintiff before a justice of the peace the day of his arrest, charging him with unlawfully hindering, obstructing and interfering with a county officer, appointed by the director of conservation, while such officer was engaged in arresting him for violation of the conservation law. The same day he was taken before the justice the complaint and warrant were read to him and he was asked if he understood the charge and stated he did and said he was guilty and, upon his plea of guilty, he was fined $50 and costs, or 30 days in the county jail. The fine and costs were paid May 3, 1932.

Plaintiff knew he was violating the law in spearing fish. He endeavored to evade apprehension and, beyond question, was injured by blows on the back of his head, inflicted by Walter Knowles, and there was no support to his testimony that Frank struck him and rendered him unconscious during the dressing of his injuries and plea of guilty when arraigned before the justice, yet the jury cast Frank in damages and found no verdict at all as to Walter.

Whether Walter was justified in striking plaintiff with his revolver was a question of fact for the jury and, evidently, the jury found justification, otherwise the failure to return a verdict against Walter is unexplainable.

For the reasons pointed out the judgment is reversed as to Frank Knowles, and a new trial granted, with costs.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.