## LOVE *v.* BRUMLEY

1. NEGLIGENCE—ASSUMPTION OF RISK—LIMITATION OF DOCTRINE—EFFECTIVE DATE OF DECISION.

   A decision of the Michigan Supreme Court holding that the doctrine of assumption of risk is to be applied only in certain limited areas and that the ruling should be given prospective effect does not apply retroactively so as to require retrial of cases decided before March 1, 1965, the date of the Supreme Court's decision (Felgner v. Anderson [1965], 375 Mich 23).

2. NEGLIGENCE—NON-ASSESSABLE PARTY'S NEGLIGENCE—EVIDENCE—ADMISSIBILITY.

   A defendant in a negligence case is not precluded from placing the liability for the accident which is the basis of the suit elsewhere; the defendant may introduce evidence that a non-assessable party was guilty of negligence.

3. NEGLIGENCE—NON-ASSESSABLE PARTY—GENERAL CONTRACTOR.

   A subcontractor who is sued by an employee of the general contractor may introduce evidence that the general contractor was negligent, even though the general contractor is a non-assessable party.

4. EVIDENCE—OPINION TESTIMONY—RELEVANCY.

   Admitting opinion testimony that it is safer for a worker to use scaffolding than to walk the walls at a construction site was not error where the plaintiff was injured while walking on walls and the defense had argued that the plaintiff was warned of the walls' condition, because the testimony was relevant and competent.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 38 Am Jur, Negligence §§ 171–173.
[2, 3] 38 Am Jur, Negligence §§ 312–331.
[4] 38 Am Jur, Negligence §§ 323, 326.

Appeal from Washtenaw, Ross W. Campbell, J. Submitted Division 2 November 12, 1970, at Lansing. (Docket No. 8857.) Decided January 22, 1971.

Complaint by Earl Love and Queenie Love against Sanford S. Brumley for damages for injuries incurred while working at a construction site. Aetna Casualty & Surety Company intervened as a plaintiff. Verdict and judgment for defendant. Plaintiffs appeal. Affirmed.

*Leitson, Dean, Dean, Segar & Hart,* for plaintiffs.

*Lacey & Jones* (by *William Smith*), for intervenor plaintiff.

*Martin, Bohall, Joselyn, Halsey & Rowe,* for defendant.

Before: QUINN, P. J., and DANHOF and CARROLL,* JJ.

DANHOF, J. This is a personal-injury construction-site negligence action by the employee of a general contractor against a subcontractor. The principal issue on appeal is the application of the doctrine of assumption of risk. This was raised by the defendant as an affirmative defense in his answer. The trial court denied repeated motions to strike that defense.

This case was tried in April 1964, with instructions to the jury that if they found that plaintiff Earl Love was warned of the condition of the wall, then the jury could find that Earl Love had as-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sumed the risk of walking on that wall. The jury returned a verdict of no cause of action in favor of the defendant.

Nearly a year later the Michigan Supreme Court held in *Felgner* v. *Anderson* (1965), 375 Mich 23, 55, that the doctrine of assumption of risk was properly applicable only in certain defined areas, not here pertinent. The language of the Court made it clear that prospective effect was to be given its holding, without stating the exact time for the effectiveness, and the cases which followed have not made an exact determination of that time, *Carey* v. *Toles* (1967), 7 Mich App 195, 203.

One might have expected such a decision in *Carey* because *Felgner, supra,* was decided after the trial and closing arguments in *Carey,* but before the charge to the jury was given. Nevertheless, the *Carey* Court avoided setting the effective date of *Felgner* and held instead that on the facts of the case the doctrine was inapplicable.

Unlike the *Carey* case, the doctrine of assumption of risk was applicable to the facts of the present case if the jury found from the conflicting testimony that Earl Love was warned of the condition of the wall. Therefore, we must determine if *Felgner* has any application to cases tried before March 1, 1965, the date of the decision in *Felgner*. We hold that it does not apply retroactively so as to require the retrial of cases decided before March 1, 1965.

Plaintiffs also argued that it was error to permit evidence that plaintiff Earl Love's employer, a non-assessable party, was guilty of negligence. Reason and logic dictate that a defendant should not be precluded from placing the liability for an accident elsewhere. See *DePriest* v. *Kooiman* (1966), 2 Mich App 431, *aff'd* (1967), 379 Mich 44. It was proper for the trial court to admit such evidence.

Plaintiffs' other issue on appeal is whether it was error for the trial judge to admit opinion testimony that it is "safer to use scaffolding" than "to walk walls". We hold that the testimony was relevant and competent. There was no error in its admission.

Affirmed.

All concurred.