VORRATH v GARRELTS

1. MECHANICS' LIENS—FORECLOSURE—STATEMENT—CONTRACTS—
   QUASI-CONTRACTS.
   A contractor's failure to serve a sworn statement showing all
   accounts due to subcontractors, laborers and materialmen on
   an owner may be fatal to an action to foreclose a mechanic's
   lien but it is not an absolute bar to a contract or quasi-contract
   action (MCLA 570.4).

2. APPEAL AND ERROR—JUDGMENT—REVERSAL.
   Generally only the portion of a judgment that is appealed from is
   held for naught by a reversal.

3. APPEAL AND ERROR—JUDGMENT—MECHANICS' LIENS—QUASI-CON-
   TRACTS.
   A decision on appeal that a judgment allowing a foreclosure of a
   mechanic's lien was improper cannot be regarded as disposing
   of that part of the judgment that provided for personal liability
   on a quasi-contract basis because while a decision destroying a
   contract action would also destroy a lien action, the same does
   not hold true for a decision destroying the mechanic's lien; a
   lien is something apart from the cause of action and destruc-
   tion of a lien has no effect on the underlying cause of action
   except to render it at least partially unenforceable if the
   defendant is insolvent.

Appeal from Berrien, Julian E. Hughes, J. Sub-
mitted Division 3 June 6, 1973, at Grand Rapids.
(Docket No. 15145.) Decided August 29, 1973.
Leave to appeal denied, 391 Mich —.

Motion by Ronald Vorrath for an order requir-
ing Elmer Garrelts to appear in circuit court for
examination concerning his financial ability to
satisfy a judgment against him and an order re-

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 53 Am Jur, Mechanic's Liens §§ 334–338.
[2] 5 Am Jur 2d, Appeal & Error §§ 948–958.

straining him from transferring his property supplementary to judgment granted. Defendant's motion to dismiss the orders denied. Defendant appeals by leave granted. Orders supplemental to judgment affirmed and plaintiff allowed to make levy of execution.

*Donald J. Dick,* for plaintiff.

*Daudert & Barron,* for defendant.

Before: R. B. BURNS, P. J., and FITZGERALD and O'HARA,* JJ.

FITZGERALD, J. This case is in this Court for the second time. The first appeal was *Vorrath v Garrelts,* 35 Mich App 463; 192 NW2d 547 (1971). There, a majority of the Court held that the plaintiff contractor did not have a valid mechanic's lien and reversed the judgment of the trial court which had upheld the lien.

Briefly recapitulating the facts, we find that plaintiff was constructing a house for the defendant. At defendant's request, changes were made in the building which increased costs. The plaintiff requested additional payment and the defendant refused. The lawsuit resulted.

After this Court's reversal of the lien matter, plaintiff sought to recover from defendant on a portion of the judgment which he contends was not affected by this Court's reversal.

The plaintiff argues that the judgment provided both a lien and personal liability on the part of the defendant and that this Court reversed only that part of the judgment providing a lien. The trial court agreed and allowed the plaintiff to

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

proceed. The defendant then sought superintending control which this Court treated as an application for leave to appeal and granted leave.[1]

The first question posed is whether a contract or quasi-contract action by a building contractor is barred by a failure to serve a sworn statement showing all amounts due to subcontractors and materialmen on the owner of the building under construction?

In the first appeal, it was held that foreclosure of a lien was barred by MCLA 570.4; MSA 26.284 which provides in part:

"Until the statement provided for in this section is made, in manner and form as herein provided, the contractor shall have no right of action or lien against the owner."

The language "shall have no right of action or lien" would at first glance seem to prevent a contract or quasi-contract action, such as in the case at bar. Further support for this view is found in *Barnard v McLeod*, 114 Mich 73; 72 NW 24 (1897). However, that case is not so controlling as it would appear at first glance. In addition to language indicating that a contract action should be treated in the same manner as an action to foreclose a lien, the Court stated the following:

"We do not intend to be understood as saying that the service of such sworn statement is necessarily jurisdictional, and that neglect to serve is fatal in all cases, or that it cannot be waived. Possibly it should not be allowed to stand in the way of recovery where the absence of other liens and the opportunity to effect them are conceded or obvious. This provision is a shield, and, while it should be given full effect for that pur-

---

[1] Though the parties captioned this case as if it were superintending control, this case is here on a grant of leave to appeal, and the original name of the case is used.

pose, its mission may be held to end with the possibility of such use, should such case arise." *Barnard, supra,* p 76.

A case which makes a clear-cut distinction between the treatment to be accorded to a contract action and that accorded to an action to foreclose a lien is *Netting Co v Touscany,* 247 Mich 279; 225 NW 556 (1929). In *Netting,* the plaintiff filed a bill in equity to foreclose a lien. The trial court held that the lien was void because the plaintiff had failed to furnish the defendant with a sworn statement as required by the predecessor of the present statute. The Supreme Court affirmed this portion of the decree, indicating that such a statement was a *sine qua non* to the attachment of a lien. However, the chancellor's decree had also ordered that the case be transferred to the law side of the court and the defendant had appealed this portion of the decree. The Supreme Court affirmed, holding that the equitable proceedings did not represent an election of remedy and that a law action could be maintained.

In *Netting,* we have a case where the plaintiff's failure to comply with the statute was more complete than in the case at bar. Nonetheless, the Supreme Court did not hold that this failure precluded a contract or quasi-contract action. Thus, while failure to comply with the statute prevents the attachment of a lien, it does not prevent an ordinary civil action to recover what is due.

Another case on point is *Walker v Syms,* 118 Mich 183; 76 NW 320 (1898). This case was an action in assumpsit. The defendant argued that no recovery could be had because no statement had been served. It appeared from the record that there were in fact no liens outstanding and the Court refused to hold that a failure to comply with

the statute barred the action. The Court quoted the previously quoted language of *Barnard* and then stated:

"The case suggested by Justice HOOKER is now here. The use here made of the provision of the statute is not that of a shield on the part of the owner against possible liens, but it is an attempt to use the statute to prevent the rendition of a judgment which, according to the findings of the court, ought to be rendered." *Walker, supra,* p 189.

See, also, *Bollin v Hooper,* 127 Mich 287; 86 NW 795 (1901).

In the foregoing authorities, the Supreme Court has treated contract and quasi-contract actions differently from actions to foreclose a lien. The failure to serve a sworn statement may be fatal to an action to foreclose a lien, but it is not an absolute bar to a contract or quasi-contract action. It should be noted that even in *Barnard,* the case where a judgment was reversed, the Court regarded the defect as curable and remanded for a new trial.

In the case at bar, the defendant does not contend that he will be prejudiced if the action is allowed. He does not contend that allowing the plaintiff to recover would increase his total liability. He makes no showing that the trial court computed damages in a way that would include amounts that are owed to unpaid materialmen and subcontractors. In short, the defendant does not contend that the judgment represents anything other than a just debt.

We are also asked whether the order in the first appeal in this case reversed all of the trial court's judgment or only that portion ordering foreclosure of a lien?

The general rule appears to be that only the portion of a judgment that is appealed from is held for naught by a reversal. *Calistro v Spokane Irrigation District No 10,* 78 Wash 2d 234; 472 P2d 539 (1970); *State, ex rel Carriger, v Campbell Food Markets, Inc,* 65 Wash 2d 600; 398 P2d 1016 (1965); 5B CJS, Appeal & Error, § 1950, p 513; 5 Am Jur 2d, Appeal & Error, § 953, p 380. Michigan offers no controlling authority on this point.

The original judgment in this case not only imposed a lien, it also provided for personal liability on a quasi-contract basis. The only issue raised on the first appeal and the only issue considered by this Court was whether or not there was a lien.

The decision regarding a lien cannot be regarded as disposing of the underlying contractual claim. While a decision destroying a contract action would also destroy a lien action, the same does not hold true for a decision destroying the lien. A lien is something apart from the cause of action and destruction of a lien has no effect on the underlying cause of action except to render it at least partially unenforceable if the defendant is insolvent.

The orders supplemental to judgment issued in this case are proper orders. Those orders are affirmed and the plaintiff allowed to make levy of execution. Costs to appellee.

All concurred.