WHINNEN v 231 CORPORATION

1. EVIDENCE—NEGLIGENCE—ORDINANCES—PROOF.

   Violation of a city ordinance is evidence of negligence; where the
   allegation of a violation of an ordinance was relevant to the
   issues in the case an authenticated copy of the ordinance was
   properly admitted into evidence since it is impossible to deter-
   mine whether a violation occurred if the ordinance is not a
   part of the record.

2. NEGLIGENCE—INSTRUCTIONS TO JURY—ORDINANCES—VIOLATION—
   EVIDENCE—PROXIMATE CAUSE.

   A trial court in a winter slip and fall case alleging an unnatural
   or artificial accumulation of ice and snow properly instructed
   the jury that if either the owner or occupant of the abutting
   premises violated an ordinance governing the maintenance of
   sidewalks, such violation was evidence of negligence and the
   question of the proximate cause of the claimed unnatural or
   artificial accumulation was theirs to decide.

3. LANDLORD AND TENANT—BREACH OF DUTY—LEASE—LIABILITY—IN-
   TENT—QUESTION OF LAW.

   A landlord or a tenant will be held to answer for any breach of
   duty to maintain premises in a reasonably safe condition,
   where he has by virtue of a lease assumed that degree of
   obligation with respect to the demised property as to indicate
   that control rests in him; what the parties intended with

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 8] 57 Am Jur 2d, Negligence §§ 246, 254, 258, 270.

[2] 57 Am Jur 2d, Negligence §§ 261–268.

[3] 49 Am Jur 2d, Landlord and Tenant §§ 772, 778, 779.

Statute requiring property to be kept in good repair as affecting
landlord's liability for personal injury to tenant or his privies, 17
ALR2d 704.

[4] 49 Am Jur 2d, Landlord and Tenant §§ 141, 1160.

[5] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*

[6] 49 Am Jur 2d, Landlord and Tenant §§ 805, 900, 907, 987.

Landlord's liability for injury or death due to ice or snow in areas
or passageways used in common by tenants, 26 ALR2d 610.

[7] 29 Am Jur 2d, Evidence §§ 263, 786.

respect to allocation of risks is a question of law to be decided by the trial court if the language is unambiguous or not susceptible of conflicting interpretation and for the trier of fact under proper instruction if it is otherwise.

4. EVIDENCE—LANDLORD AND TENANT—CONTROL—LIABILITY—LEASE—INTENT—INSTRUCTIONS TO JURY.

Admission into evidence of a lease was improper where the issue was the parties' intent with respect to allocation of control and risks and where the trial court neither determined as a matter of law that the lease was unambiguous nor instructed the jury that control was a controverted question of fact and the lease was admitted for the limited purpose of assisting the jury in its resolution of that issue.

5. APPEAL AND ERROR—EVIDENCE—PHOTOGRAPHS—OBJECTION—PRESERVING QUESTION—NEW TRIAL.

The issue of the admissibility into evidence of certain photographs was preserved for review where vigorous objections were made when the photographs were admitted and the objection to the admission of these photographs was a ground for defendant's motion for a new trial.

6. EVIDENCE—RELEVANCY—PHOTOGRAPHS—SIDEWALKS—NEGLIGENCE —CONSTRUCTION—DETERIORATION—FAILURE TO REPAIR.

Photographs of a sidewalk where the plaintiff was injured were relevant to the issue of combination of defective construction, inadequate maintenance, and the consequent unnatural or artificial accumulation of ice or snow and were admissible in a winter slip and fall case where the pleading alleges negligence generally and the opening statement contained an unchallenged claim that the negligence was in part faulty construction, in part deterioration, and in part failure to repair the sidewalk.

7. EVIDENCE—PHOTOGRAPHS—OBJECTIONS—INSTRUCTIONS TO JURY—APPEAL AND ERROR.

Admission into evidence of photographs of the scene of an accident in a case involving a slip and fall on a city street was reversible error where the trial court failed to charge the jury with specificity as to their limitations as to materiality and relevance.

8. NEGLIGENCE—MUNICIPAL CORPORATIONS—ORDINANCES—ICE AND SNOW.

A municipality cannot by ordinance render an abutter liable to a

third party for a natural accumulation of ice and snow on a sidewalk.

Appeal from Houghton, Stephen D. Condon, J. Submitted Division 3 June 28, 1973, at Menominee. (Docket No. 11625.) Decided September 24, 1973.

Complaint by Shirley Whinnen against 231 Corporation, the City of Hancock, and Metropolitan Life Insurance Company for damages for injuries sustained in a fall on an ice- and snow-covered sidewalk. Judgment for plaintiff against defendant 231 Corporation and judgment of no cause of action for defendants City of Hancock and Metropolitan Life Insurance Company. Defendant 231 Corporation appeals. Reversed and remanded.

*Frederick N. Johnson,* for plaintiff.

*Humphrey & Weis,* for defendant 231 Corporation.

Before: R. B. BURNS, P. J. and QUINN and O'HARA,* JJ.

O'HARA, J. This is a winter slip and fall case, occurring on an ice- and snow-covered sidewalk in the City of Hancock. Plaintiff sued the municipality, the abutting property owner, and the lessee of the premises in front of which the fall took place.

The jury returned no cause verdicts for the municipality and the lessee of the premises and awarded damages of $11,000 against the owner of the building. Defendant-owner appeals of right.

The appeal is from the denial of a motion for judgment *non obstante veredicto* or, alternatively,

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

for a new trial. In support of its position, appellant contends it was prejudicially erroneous for the trial court to receive as an exhibit a Hancock municipal ordinance which in general terms makes it unlawful for an abutting landowner to allow the sidewalk abutting his property to be in such state of disrepair that it "might be injurious in any way to the safety of all persons using said sidewalk".

It was not error to admit a properly authenticated copy of the ordinance. Violation of a duly enrolled city ordinance is evidence of negligence. *Blickley v Luce's Estate,* 148 Mich 233; 111 NW 752 (1907). It is manifestly impossible to determine whether a violation occurred if the ordinance is not part of the record. It would be a dangerous rule of law to hold otherwise. It is the responsibility of the trial judge to rule upon whether or not the ordinance is relevant to the issue in a given case. In our view while the ordinance does not extend to clearing a sidewalk, otherwise non-defective, of natural accumulations of ice and snow, it might bear on the issue of whether the claimed condition of the sidewalk both as to construction and maintenance caused or contributed to an unnatural or artificial accumulation. The court properly instructed the jury that if either the owner or occupant of the abutting premises "violated the ordinance", such violation was evidence of negligence and that the question of proximate causality of the violation was theirs to decide.

Next, appellant claims error by reason of the admission of a lease between the abutting owner and the occupant. The lease obligated the owner of the premises, rather than the tenant, to keep the walks and ways of access clear of ice and snow.

The effect of exculpatory lease provisions[1] and nonexculpatory protective agreements[2] which do not purport to exempt or limit a party's liability for his own direct negligence but which amount to a contractual undertaking to assume a risk are the subject of extensive case law discussion and decisional holdings in this state.

The consensus holding seems to be that where a landlord or a tenant has, by virtue of a lease, assumed that degree of obligation with respect to the demised property as to indicate that control rests in him he will be held to answer for any breach of the duty to maintain the premises in a reasonably safe condition. *Bluemer v Saginaw Central Oil & Gas Service, Inc,* 356 Mich 399; 97 NW2d 90 (1959) and *Siegel v Detroit City Ice & Fuel Co,* 324 Mich 205; 36 NW2d 719 (1949). What the parties intended with respect to allocation of risks, is a question of law to be decided by the trial court if the language is unambiguous or not susceptible to conflicting interpretation. If it is not the instrument should be submitted to the trier of fact under proper instruction. *Hull v Detroit Equipment Installation, Inc,* 12 Mich App 532; 163 NW2d 271 (1968).

Here the trial court did not determine as a matter of law that the lease was unambiguous and hence, vested control of the premises in either or both of the defendants (excluding defendant City of Hancock). Neither did he charge the jury that control was a controverted question of fact and that the lease was admitted for the limited purpose of assisting the jury in its resolution of that

---

[1] *Siegel v Detroit City Ice & Fuel Co,* 324 Mich 205; 36 NW2d 719 (1949).

[2] *Bluemer v Saginaw Central Oil & Gas Service, Inc,* 356 Mich 399; 97 NW2d 90 (1959). *See generally also Huey v Barton,* 328 Mich 584; 44 NW2d 132 (1950).

issue. We can only conclude that the admission of the lease without any instruction as to its legal limitations as between plaintiff and the defendants was reversibly erroneous.

Next we discuss the admissibility of certain photographs as exhibits. Since the complaint does not pinpoint the acts or omissions which were claimed to constitute defendant's negligence it is hard to assess the relevancy or materiality of the photographs. They may have been as inadmissible as were the photos introduced in the case of *Kaminski v Wayne County Road Commissioners,* 370 Mich 389; 121 NW2d 830 (1963). The admission of the photos in that case was the basis of the reversal of a jury verdict and the grant of a new trial. The Court held the pictures were not fairly representative of the conditions existing at the time of the accident. In the case at bar they could have had relevance to the unchallenged claim made in the opening statement that the negligence was in part faulty construction of the sidewalk, in part deterioration and failure to repair the walk, and in part the combination of the two foregoing elements as they affected the accumulation of ice and snow on the sidewalk. When the photographs were admitted into evidence over vigorous objections by all the defendants the trial judge instructed the jury that they could give the exhibits that weight to which they were entitled. Later the objection to the admission of three photographs of the place of the accident without ice and snow was ground number 7 for appellant's motion for a new trial. Certainly the issue was preserved for review.

The generality of the pleadings, the pretrial summary, and the unchallenged specifications of negligence in the opening statement leave us no alternative but to find that the photos were rele-

vant, albeit tenuously so, to the issue of the combination of defective construction, inadequate maintenance, and a consequent unnatural or artificial accumulation of ice and snow.

Insofar as the ice and snow accumulation alone is concerned the controlling law has been settled in this state at the least since *Betts v Carpenter,* 239 Mich 260; 214 NW 96 (1927).[3] The rule was ably restated by Judge JOHN GILLIS in this Court in *Gillen v Martini,* 31 Mich App 685; 188 NW2d 43 (1971). In simple substance it is this. Persons or corporations legally responsible for the maintenance of sidewalks in this state are liable for damages resulting from unnatural or artificial accumulation of ice or snow. They are not liable for mere natural accumulations. In almost every case whether the condition was due to a natural accumulation or an artificial or unnatural accumulation or condition is one of fact for the jury. Well aware of this established rule of law—a rule of reason also—we have read the testimony of plaintiff and the only other witness as to the condition of the walk the day of the unfortunate accident with extreme care and attention. The recurrent use by witnesses of the impersonal pronoun "it", without clear indication of whether the "it" was the natural accumulation or the unnatural accumulation because of the claimed defective construction and maintenance, complicates our task on review. If this case were strictly a natural ice and snow accumulation issue we would have no alternative but to reverse and exculpate defendant-appellant on this ground. Since the record in its entirety supports the claim that it was a combi-

---

[3] For the historically minded it may be noted that the father of the author of this opinion lost that case in the Supreme Court. The author was in high school and not professionally involved in the litigation.

nation of defective construction and maintenance resulting in a claimed unnatural accumulation we must leave that question to the jury.

We conclude that when the learned trial judge opted for admission of the photographs over the persistent objections of the defendants it was the court's obligation to charge the jury with specificity as to their limitations as to the materiality and relevance. We hold their admission without such instruction was reversible error.

This leaves then the last and purely legal issue of what duty, if any, appellant owed to plaintiff. It is settled that a municipality cannot by ordinance render an abutter liable to a third party only for a natural accumulation of ice and snow. Again, we face the unchallenged "breech-bore"[4] claim of plaintiff that it was appellant's defective maintenance and the consequential artificial and unnatural accumulation or formation of the ice and snow covering that occasioned plaintiff's damage.

We cannot frame issues. We can only decide them. We want our holding here to be clearly understood. The proofs created a jury submissible issue as to whether the accumulation of ice and snow was artificial and unnatural by reason of the neglect of the abutter to take reasonable steps to preclude it. *Betts v Carpenter, supra,* controls this issue.

However, because the fact issues in this case were insufficiently delineated before they were submitted to the jury and because of the lack of explanatory instruction as to the legal limitations upon the use of the photos and the lease we are obligated to reverse.

We vacate the judgment entered upon the ver-

---

[4] To use former Justice EUGENE BLACK's term.

dict of the jury and remand to the trial court for a new trial as to defendant-appellant 231 Corporation. Absent a cross-appeal by plaintiff as to the judgment of no cause as to the other two named defendants, or a specific appeal by this appellant of the no cause judgments as to its co-defendants in the trial court, we hold those judgments are res judicata as to the City of Hancock and Metropolitan Life Insurance Company. We remand for a new trial as to appellant 231 Corporation only. Costs to appellant 231 Corporation.

All concurred.