KUJAWSKI v COHEN

Docket No. 29981. Submitted February 8, 1978, at Detroit.—Decided May 9, 1978.

Frances J. Kujawski, as administratrix of the estate of Eugene J. Kujawski, filed a wrongful death action against Edwin Cohen, doing business as J & I Service Station, and General Motors Corporation alleging failure of a truck wheel bearing due to negligent installation by Cohen's employee and negligence and breach of warranty by a General Motors subsidiary in manufacturing the bearing. The jury returned a verdict against General Motors alone, which appealed. The Court of Appeals held that the trial court erred in excluding evidence relevant to the issue of whether Cohen's employee had exercised due care and whether the truck was in safe running order and "reversed and remanded for a new trial", 56 Mich App 533 (1974). Prior to the scheduled retrial General Motors moved the Wayne Circuit Court to declare Cohen an active defendant upon retrial. The trial court, Joseph B. Sullivan, J., denied General Motors' motion. General Motors appeals by leave granted. *Held:*

1. Absent a cross-appeal by plaintiff as to the judgment of no cause of action as to Cohen or a specific appeal by General Motors of the judgment of no cause the judgment is res judicata as to Cohen.

2. Even if the rule applicable in other jurisdictions that an appellate court may, where the interests of justice require, order a retrial as to non-appealing defendants is followed in Michigan, the Court of Appeals made no such order in the instant case and such a result should not be presumed.

Affirmed.

M. J. KELLY, P. J., concurred in the result and would go

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 951–952.

Modern status of doctrine of res judicata in criminal cases. 9 ALR3d 203.

[1, 2] Vacation or setting aside of judgment as to one or more of multiple parties against whom rendered as requiring its vacation as to all. 9 ALR3d 203.

[2] 5 Am Jur 2d, Appeal and Error § 948 *et seq.*

further and hold that a judgment in favor of one defendant cannot be reversed upon successful appeal by a codefendant who has received an unfavorable verdict at trial.

OPINION OF THE COURT

1. APPEAL AND ERROR—JUDGMENT—RES JUDICATA—REVERSAL—CO-DEFENDANT.

A judgment in favor of one codefendant is res judicata in favor of that codefendant where the other codefendant has had a judgment against him reversed on appeal, absent a cross-appeal by the plaintiff or a specific appeal by the appealing codefendant.

CONCURRENCE BY M. J. KELLY, P. J.

2. APPEAL AND ERROR—JUDGMENT—REVERSAL—CODEFENDANT.

*A judgment in favor of one defendant may not be reversed upon a successful appeal by a codefendant who has received an unfavorable verdict at trial.*

*Vandeveer, Garzia, Tonkin, Kerr & Heaphy, P. C.,* for defendant Cohen.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *William P. Cooney* and *John P. Jacobs),* for defendant General Motors.

Before: M. J. KELLY, P. J., and T. M. BURNS and BRONSON, JJ.

PER CURIAM. This is an appeal by leave granted from a denial of General Motors' motion for an order decreeing Edwin Cohen, d/b/a J & I Service Station, to be an active defendant in the retrial of a case remanded from this Court. See *Kujawski v Cohen,* 56 Mich App 533; 224 NW2d 908 (1974).

Plaintiff brought a wrongful death action against Cohen and General Motors alleging the failure of a truck wheel bearing due to negligent installation by Cohen's employee and negligence and breach of warranty by a General Motors

subsidiary in manufacturing the bearing. The jury returned a verdict against General Motors of $315,000 and found no cause of action against Cohen.

General Motors alone appealed.[1] On appeal, this Court held that the trial court had erred in excluding evidence relevant to the issue of whether Cohen's employee had exercised due care and whether the truck was in safe running order. The Court held:

"Because the evidence excluded was pivotal to one of GM's defenses and would also have been important in assessing the credibility of adverse witnesses and the validity of their claims, GM is entitled to an opportunity to introduce such evidence at a new trial." *Id.* 541.

The case was "reversed and remanded for new trial".

In the present appeal, General Motors contends that this language had the effect of reversing the no cause of action verdict for Cohen and reinstating him as an active defendant.

We believe *Whinnen v 231 Corporation,* 49 Mich App 371; 212 NW2d 297 (1973), controls the issue before us. *Whinnen* was a slip-and-fall case. Plaintiff sued the municipality, abutting property owner and lessee of contiguous property. The jury returned a verdict of $11,000 against the owner and no cause of action against the municipality and lessee. Only the owner appealed; no cross-appeal was filed. This Court, finding evidentiary errors

---

[1] No claim of appeal or cross-appeal against Cohen was filed by plaintiff. *See* GCR 1963, 807.1. No cross-claim was filed by General Motors against Cohen. In this situation, there was no appeal of the no-cause-of-action verdict for Cohen on plaintiff's claim versus Cohen. General Motors could appeal only the jury verdict against it in favor of plaintiff, even though Cohen was designated "appellee" by General Motors on documents filed with this Court and served on Cohen.

which could have affected the liability of both the lessee and owner, reversed as to the owner only:

> "We vacate the judgment entered upon the verdict of the jury and remand to the trial court for a new trial as to defendant-appellant 231 Corporation. Absent a cross-appeal by plaintiff as to the judgment of no cause as to the other two named defendants, or a specific appeal by this appellant of the no cause judgments as to its co-defendants in the trial court, we hold those judgments are res judicata as to the City of Hancock and Metropolitan Life Insurance Company. We remand for a new trial as to appellant 231 Corporation only." 49 Mich App at 378–379.

See, also, *Vorrath v Garrelts,* 49 Mich App 142; 211 NW2d 536 (1974).

General Motors relies on decisions from other jurisdictions[2] holding that an appellate court may, when the interests of justice so require, order a retrial as to non-appealing defendants. We need not decide whether we will follow such rule, however, for even assuming that rule has validity in Michigan,[3] we see nothing in this Court's opinion in the prior appeal indicating that the Court intended to order retrial as to Cohen. Retrial as to a non-appealing party, under the rule advanced by General Motors, may be *ordered,* but it should not be *presumed.* As the Court did not order that Cohen be a party to the retrial, we hold that he is not.

In addition, General Motors has failed to demonstrate the injustice of a new trial without Cohen as a party. General Motors will not be precluded from raising its main defense: that the cause of the accident is attributable to another's negli-

---

[2] *See, e.g., Isay v Cameron,* 229 So 2d 916 (Ala 1969). *See, generally,* 166 ALR 563.

[3] *See* GCR 1963, 820.1(7).

gence, not any breach of warranty or negligence by General Motors. See, *e.g., Love v Brumley,* 30 Mich App 61; 186 NW2d 19 (1971).

Affirmed. Costs to defendant-appellee.

M. J. KELLY, P. J., *(concurring).* I am unable to resist the temptation to comment that this case is an embarrassment to the administration of civil justice in this state. A verdict was entered in June of 1971 in the trial court and has not as yet been finally disposed of yet thrice viewed by this Court and once by the Supreme Court by its denial of leave. The issue presented should have been disposed of peremptorily on simple motion for rehearing, either timely or delayed, and a scandalous four-year hiatus obviated.

General Motors says Cohen is a party to the appeal because he was served with the claim of appeal designating him an appellee, has been served with all subsequent pleadings and is a necessary party on retrial not only because he is the real culprit but because his attorney manufactured the error for which reversal was mandated.

Cohen says General Motors had to serve him with the claim of appeal because the court rule requires it. He says in order for him to be a party he would have had to file an appearance and participate in the appeal which he of course declined to do because he won below. There are really two questions presented by this appeal. The first has been answered by the majority opinion, that is, that it is the law of this case that the original verdict and judgment was reversed and remanded for new trial only as to General Motors. The second question is: May a judgment in favor of one defendant be reversed upon a successful appeal by a codefendant who had received an unfa-

vorable verdict at trial? We are not helped by the briefs on this issue but I submit that in Michigan the answer is no.

In *Copeman v Takken,* 262 Mich 674; 247 NW 778 (1933), a contract action, judgment was rendered in common pleas court against the husband but in favor of the wife. The husband appealed; the wife of course did not. Plaintiff did not appeal as to the wife. The Supreme Court held that the wife was not an appellant and that the circuit court was without jurisdiction to order reversal as to her. Therefore the common pleas court verdict of no cause of action was reinstated as to the successful codefendant wife.

In *Ray v Knowles,* 267 Mich 456; 255 NW 295 (1934), an action was brought for assault and battery committed by two defendants. The defendants were not exactly acting in concert; the one had assaulted the plaintiff and beaten him about the head and was sitting on him for some period of time before the second assailant came up and administered a blow upon the head. The first assailant received a no cause at trial; the second was held liable for money damages. There was no question about the first assailant having inflicted injuries; he admitted it. There was physical evidence corroborated by a doctor's testimony and the plaintiff's testimony. The case is at least as strong as the case at bar for retrial as to both defendants. It would appear that some injuries would go uncompensated otherwise. But the plaintiff did not appeal as to the first tortfeasor and the Court held:

"We find no occasion to determine whether the verdict was defective in not making any return as to [the first tortfeasor]. [He] is not complaining, and [the second tortfeasor] may not make it his grievance." 267 Mich at 458.

The case is obviously squarely in point. The only weakness is that it has never been cited.

In *Meier v Holt,* 347 Mich 430, 446; 80 NW2d 207 (1956), there was a judgment against two successive tortfeasors. Although the case is cluttered with three opinions, the two prevailing opinions reversed as to the second tortfeasor Holt, but since the judgment against Caswell had not been appealed the Court held:

"The present judgments as against defendant Caswell should not of course be disturbed."

American Jurisprudence states the rule to be:

"The reversal on appeal as to one codefendant against whom a judgment was rendered does not affect a judgment or verdict rendered in favor of the other codefendant as to whom no appeal was taken." 5 Am Jur 2d, Appeal & Error, § 951, p 379.

It appears that the reference to no appeal being taken refers to the adverse party which in this case would be the plaintiff. For a case to the contrary see *Galligan v City of Waterbury,* 99 Conn 256; 122 A 119 (1923). There the plaintiff sued a city and a fuel seller for injuries resulting from a defect caused by a coal hole in a sidewalk. The verdict was in favor of the plaintiff and against the municipality only, the coal seller obtaining a no cause of action. On appeal by the city a new trial was granted as to both defendants, not as to the city alone. This leads me to the case relied upon in the majority opinion, *Whinnen v 231 Corporation,* 49 Mich App 371, 379; 212 NW2d 297 (1973). I am at a loss to explain Justice O'HARA's reference in that case to a "specific appeal" in his closing paragraph. The opinion states:

"Absent a cross-appeal by plaintiff as to the judgment of no cause as to the other two named defendants, or a specific appeal by this appellant of the no cause judgments as to its co-defendants in the trial court * * * ".

I would presume for purposes of this appeal that General Motors' attorneys have done all in their power to specifically appeal the no cause judgment as to its codefendant. I would further say that it is all for naught if my view of the law as briefly reviewed above is correct. There is no hint of subterfuge here, no claim of hidden settlement, collusion, or unworthy connection between Cohen and Kujawski. If there were and it were specifically addressed, I would not hesitate to find authority in GCR 1963, 820.1(7) for reversal and remand as to Cohen also on the theory that the court had been misled or fraud tainted the proceedings requiring extraordinary relief.

Having addressed these questions on my own the parties are in an advantageous position to petition for rehearing if I have blundered because we will be all too eager to set these matters straight before publication. If I could prevail upon one of my colleagues to sign this concurrence the publication of this opinion would then stand for the proposition that Justice O'HARA's dictum about specific appeals as to the codefendants is just that, dictum, and the black letter law in this state is that the reversal on appeal obtained by one codefendant against whom a judgment was rendered does not affect a judgment rendered in favor of another codefendant as to whom no appeal was taken by the plaintiff and no cross-claim had been brought below.