**Muriel LANEY, personal representative of the estate of William Laney, Plaintiff–Appellee,**

v.

**CELOTEX CORPORATION, Defendant–Appellant.**

**No. 89–1217.**

United States Court of Appeals, Sixth Circuit.

Argued Nov. 17, 1989.

Decided April 25, 1990.

William L. Martens (argued), Miller, Cohen, Martens & Ice, Southfield, Mich., for plaintiff-appellee.

Noreen L. Slank (argued), Dale J. McLellan, Collins, Einhorn & Farrell, Southfield, Mich., for defendant-appellant.

Before KRUPANSKY and RYAN, Circuit Judges; and JOHNSTONE, Chief District Judge [*].

[*] Honorable Edward H. Johnstone, Chief Judge, United States District Court for the Western District of Kentucky, sitting by designation.

JOHNSTONE, Chief District Judge.

This is a diversity personal injury action arising from an alleged asbestos exposure. The issues on appeal are whether the trial court erred in: 1) excluding evidence of a third-party's negligence, 2) admitting certain letters to show knowledge on the part of Defendant, and 3) failing to use a state-mandated verdict form. Finding error in the exclusion of the evidence of a third-party's negligence, we reverse and remand for a new trial. It is not necessary to decide the remaining issues.

William Laney was allegedly exposed to asbestos while a worker at the Dow Chemical plant in Midland, Michigan. Originally there were thirty-five defendants. At trial, only Celotex Corporation, successor in interest to Philip Carey Manufacturing Company, remained. The case was tried with five other similar asbestos exposure cases. The jury found that Defendant was negligent in failing to warn Plaintiff of the dangers of asbestos, and that 65% of the injury was attributable to Plaintiff's cigarette smoking.

## I. EVIDENCE OF EXPOSURE TO OTHER ASBESTOS PRODUCTS

In his case-in-chief, Plaintiff introduced evidence delineating the asbestos products present at Dow. Defendant was not permitted to offer testimony as to the fiber content of the other products to rebut Plaintiff's claim. Defendant's cross-examination of these witnesses regarding the other products was restricted to credibility regarding product identity and the percentages of other products present.

After the examination of these witnesses, the trial court instructed the jury to disregard testimony of Plaintiff's exposure to other products stating that the only issue to be decided was whether Defendant's product was a substantial factor in causing Plaintiff's injury. The trial court excluded the evidence under Fed.R.Evid. 403 as confusing and misleading, reasoning that Defendant could not disprove Plaintiff's case by showing that there were other causes unless Defendant had testimony that they were the sole cause.

■ In a diversity action, the admissibility of evidence is governed by the Federal Rules of Evidence but the sufficiency is governed by state substantive law. *Foster v. Caterpillar Tractor Co.*, 714 F.2d 654 (6th Cir.1983). To prove Defendant's liability under Michigan law, Plaintiff must prove Defendant's conduct was a proximate cause of injury. To prove proximate cause, a Plaintiff must show a logical sequence of cause and effect between the negligence and injury. Plaintiff is not required to exclude every other possible cause of injury. *Holloway v. General Motors Corp.*, 403 Mich. 614, 271 N.W.2d 777 (1978). If several factors contribute to produce the injury, Defendant is not liable unless his negligence was a substantial factor in producing the injury. *Brisboy v. Fibreboard Corp.*, 429 Mich. 540, 418 N.W.2d 650 (1988).

■ To rebut Plaintiff's theory, Defendant may introduce evidence that the injury is attributable to another's negligence. *Mitchell v. Steward Oldford & Sons*, 163 Mich.App. 622, 415 N.W.2d 224 (1987). This is true even if the alleged negligent actor is not a party to the action, *Kujawski v. Cohen*, 83 Mich.App. 239, 268 N.W.2d 358 (1978); or is immune from suit as the Plaintiff's employer. *Esparza v. Horn Machinery Co.*, 160 Mich.App. 630, 408 N.W.2d 404 (1987); *Love v. Brumley*, 30 Mich.App. 61, 186 N.W.2d 19 (1971). We find that evidence of other products to which Plaintiff may have been exposed is relevant to rebut Plaintiff's claim.

Rule 403 provides that relevant evidence may be excluded if its probative value is *substantially outweighed* by the danger of confusion of the issues or if the evidence would mislead the jury. Trial courts have broad discretion in deciding the issue of admissibility under Fed.R.Evid. 403. *Hines v. Joy Mfg. Co.*, 850 F.2d 1146 (6th Cir.1988). A trial court's decision will not be overturned on appeal unless there is an abuse of discretion. *Schrand v. Federal Pacific Elec. Co.*, 851 F.2d 152 (6th Cir. 1988). "In reviewing the trial court's decision for an abuse of discretion, the appel-

late court must view the evidence in the light most favorable to its proponent, giving the 'evidence its maximum reasonable probative force and its minimum reasonable prejudicial value.' " *U.S. v. Schrock*, 855 F.2d 327, 333 (6th Cir.1988) (citing 1 J. Weinstein & M. Berger, Weinstein's Evidence 403[03] (1982)). Abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. *Schrand v. Federal Pacific Elec. Co.*, 851 F.2d 152 (6th Cir.1988).

Plaintiff correctly argues that those whose actions combine to cause a single injury are jointly and severally liable, and that the apportionment of fault between joint tortfeasors is prohibited by Michigan law. However, evidence of Plaintiff's exposure to other asbestos products goes to the fundamental question of cause. A jury may consider all evidence of contributing factors to determine which, if any, were substantial factors in causing Plaintiff's injury. The substantial factor analysis cannot be made in a vacuum.

In the heat of trial the arguments for admission were not presented with the same clarity as on appeal. Evidence of other possible causes of Plaintiff's injury is relevant. Admission of this evidence would only cause slight confusion, if any, and would not mislead the jury. We find Defendant was denied an opportunity to present evidence in its defense, and are firmly convinced that the trial court was mistaken in excluding the evidence under Rule 403.

## II. THE "RITTERHOFF LETTERS"

Defendant claims error in the admission of a series of four exhibits known collectively as the "Ritterhoff letters."[1] These letters were admitted under the ancient documents exception to the hearsay rule to show Defendant's knowledge of the danger of asbestos in 1944 to prove Defendant's negligence in failing to warn.

Because we have reversed on other grounds, it is not necessary to determine the admissibility of these exhibits. However, there are serious problems with the relevancy of the letters to the knowledge of Defendant regarding the danger of asbestos. To make the logical connection between the letters and the knowledge of the Defendant, several inferences must be made. While it is reasonable to infer that the decedent was employed by Philip Carey, and that Dr. Ritterhoff communicated with Carey by requesting information, it is a long leap of logic to infer Carey's knowledge of the danger of asbestos. There is no information regarding the person with whom Dr. Ritterhoff spoke or what information Dr. Ritterhoff conveyed. The mere fact that Dr. Ritterhoff spoke with someone at Carey, without more, would not appear to give it knowledge of the danger of asbestos.

## III. VERDICT FORM

Finally, Defendant alleges that the trial court erred in failing to use the state-mandated verdict form. The trial court is not required to use the state verdict form, but it must use a verdict form which provides for the correct application of the state law. It is the better practice for a federal court sitting in diversity to use state approved jury instructions. *Williams v. Union Carbide Corp.*, 790 F.2d 552 (6th Cir.1986). Having reversed on other grounds, we do not decide this issue.

---

1. This exchange of letters between Dr. R.J. Ritterhoff, a medical doctor working at the Hamilton County Tuberculosis Hospital in Cincinnati, Ohio, and Dr. Leroy U. Gardner, Director of the Saranac Labs in Saranac Lake, New York, occurred in November and December of 1944. The letters concerned the diagnosis of asbestosis in an unidentified decedent. The critical portion of the exhibits are two comments in the 3rd and 4th letters.

In response to Dr. Gardner's request for more information regarding the decedent's occupational exposure, Dr. Ritterhoff stated that "[u]nfortunately, I am unable to give you supplemental data in regard to his occupational history, as the local factory concerned has been uncooperative." Dr. Gardner replied that "[a]t the risk of being monotonous about the occupational exposure I would appreciate it if you would tell me what sort of a plant the Philip Carey Manufacturing Company operates and whether you have any idea of the nature of their products."

## IV. CONCLUSION

For the reasons stated, the judgment of the trial court is reversed and the case is remanded for a new trial in accordance with this opinion.

KRUPANSKY, Circuit Judge, concurring.

I concur in the majority opinion, however, I believe that the "Ritterhoff letters" should have been excluded as irrelevant since the proof failed to demonstrate a nexus between the parties to the letters and the defendant-appellee, Celotex Corporation.